Alexander Berman, J.
This is a proceeding pursuant to CPLR article 78 seeking judgment directing the respondent to reinstate petitioner’s eligibility for full medical assistance as of October 30, 1972, and requiring the respondents to furnish reimbursement for any necessary medical expenses incurred after that date, and further directing respondents to make a *437 prompt search of their records and provide the same relief for all those recipients of medical assistance whose eligibility was terminated or curtailed as a result of the increase of social security benefits which took place because of the 1972 amendments to the Social Security Act.
Petitioners were receiving both public assistance under the Aid to the Aged, Blind and Disabled program (AABD) and social security insurance benefits.
Because of an increase of social security benefits effected by Public Law 92-336 (U. S. Code Service L. Ed., Aug., 1972, Supp., p. 1346), the respondent Nassau County Department of Social Services changed petitioners ’ eligibility for full medical assistance (Class A) to that of Class B which requires the payment of 20% of their necessary medical expenses.
On October 30, 1972, Public Law 92-603 was enacted. Section 249E of this statute (U. S. Code Service L. Ed., Dec. 1972, Supp., p. 2823) provides, in effect, that those who were receiving aid and assistance under a Federally approved State plan, and also social security benefits in August of 1972 should not be deemed ineligible for such aid and assistance for any month thereafter prior to October of 1974 because of the increases in social security benefits resulting from the enactment of Public Law 92-336. In an administrative letter dated November 24, 1972, to the local social service departments, the State Department of Social Services indicated that medical assistance should be provided just as if there had been no social security increases. This letter further directs that the local social service departments should take action to fully implement this purpose and that such action must be taken immediately.
Despite the Federal law and the clear administrative direction, petitioners’ eligibility for full medical assistance was not reinstituted immediately to “ Type A ” coverage (full medical assistance) until February 2, 1973, more than two months after the directive dated November 24, 1972, which incidentally, was two days after the commencement of this proceeding. The affidavit of the Commissioner states that “ the policy of the Nassau County Department of Social Services has been to restore those who lost ‘ Type A ’ coverage due to Public Law 92-336 to said ‘ Type A ’ coverage. ” It is significant that this affidavit contains no unequivocal assertion that the directive contained in the letter from the State Department has been fully and promptly complied with, nor are there any details as to exactly what was done to comply.
*438 No reason has been given by the respondents for failing to comply immediately. This bureaucratic delay of more than two months is inexcusable. The court is satisfied that such failure to promptly comply with the directive may have caused considerable inconvenience and hardship to these petitioners and others similarly situated. In view of this failure to fully and promptly comply with the directive of November 24, 1972, the petitioners are entitled to judgment directing the respondents to make a prompt search of their records and to determine the names of those recipients of medical assistance whose eligibility was terminated or curtailed by reason of the 1972 amendments \ to the Social Security Law, and to furnish them with the benefits to which they were entitled prior thereto. The respondents are also directed to reimburse those who incurred medical expenses after the date of October 30,1972, and who make claim thereto and who establish same by competent proof. The contention of respondents that reimbursement may not be iñade by reason of section 367-a of the Social Security Law and section 360.17 of title 18 of the official New York State Codes, Rules and Regulations cannot apply in this situation. (Matter of Cole v. Wyman, 40 A D 2d 1033; also Matter of Rosenblum v. Lavine, 70 Misc 2d 667, 668.)
The court further holds that the exhaustion of administrative proceedings is not required. To require those poor, needy individuals to institute separate proceedings to obtain what the State Department of Social Services and the Congress have stated that they are entitled to creates an unnecessary hardship.
Implicit in this decision is the conclusion of the court that this is a proper class action, pursuant to CPLR 1005, in that the issues raised here are of common and general interest to all persons lawfully entitled to “ Type A” benefits.