Nathaniel T. Helman, J.
Petitioners, who are all patients confined to residential hospital facilities for the chronically ill, are recipients of Medicaid under New York Social Services Law (§ 363 et seq. [Medical Assistance for Needy Persons]), and simultaneously receive old age survivors and disability insurance benefits (OASDI) pursuant to subchapter II of the Social Security Act (U. S. Code, tit. 42, § 401 et seq.). The entire income of each of the petitioners is utilized towards meeting the cost of medical care (18 NYCRR 360.5) with the following exceptions: (1) $17 per month for personal expenses pursuant to 18 NYCRR 360.5(e); (2) $7.50 per month pursuant to 18 NYCRR 352.18 and 360.5(c), and (3) such income of those petitioners with dependent relatives as is exempt pursuant to 18 NYCRR 360.5(e) for the use of those dependent relatives (none of that income is available to the petitioners themselves). Thus each of the petitioners receives a total of $24.50 per month for personal expenditures, with the balance of OASDI income contributed towards the payment of the cost of their medical care, which in fact, far exceeds the amount of that income.
In 1972 the United States Congress passed and the President signed Public Law 92-336 which included a 20% increase in OASDI benefits, -effective October 1, 1972. However, anyone receiving public assistance, whether in the form of cash grants or medical assistance, would be required to contribute the amount of that increase towards offsetting the cost of that public assistance. In order to provide some direct benefit to such recipients of public assistance, Congress passed and the President signed, on October 30, 1972, Public Law 92-603 (Social Security Amendments of 1972) which in section 306 provided for a “ pass along ” of up to $4 per month for those otherwise entitled to participate in the 20% increase in OASDI benefits. Section 306 of Public Law 92-603 provides: “In addition to the requirements imposed by law as a condition of approval of a State plan to provide aid or assistance in the form of money payments to individuals under title I, X, XIV, or XVI of the Social Security Act [covering Federal programs for old age assistance, aid to the blind and aid to the disabled], there is hereby imposed the requirement (and the plan shall be deemed to require) that, in the case of any individual receiving aid or assistance for any month after October 1972, or, at the option of the State, September 1972, and before January 1974 who also receives in such month a monthly insurance benefit under title II of such Act [covering OASDI benefits] which was increased as a result of the enactment of Public Law 92-336, *201 the sum of the aid or assistance received by him for such month, plus the monthly insurance benefit received by him in such month (not including any part of such benefit which is disregarded under such plan), shall exceed the sum of the aid or assistance which would have been received by him for such month under such plan as in effect for October 1972, plus the monthly insurance benefit which would have been received by him in such month, by an amount equal to $4 or (if less) to such increase in his monthly insurance benefit under such title II (whether such excess is brought about by disregarding a portion of such monthly insurance benefit or otherwise).” [Material in brackets added; material in parenthesis original.]
In recognition of the need for consistency with applicable Federal law, section 366 (subd. 2, par. [b]) of the New York Social Services Law provides in part: ‘ ‘ In establishing standards for determining eligibility for an amount of [medical] assistance, the department shall take into account only such income and resources, in accordance with federal requirements, as are available to the applicant or recipient and as would not be required to be disregarded or set aside for future needs ”; and in furtherance thereof, 18 NYCRR 360.5(c) provides: ‘ ‘ For an' applicant or recipient, who, if needy, would be eligible for AABD [Aid to the Aged, Blind or Disabled], ADC [Aid to Dependent Children], or HR [Home Relief], the amount of income that is required to be or may be disregarded or set aside for his future needs in the category for which he would be eligible, shall not be considered as being available when applying the criteria for establishing his financial eligibility for medical assistance.”
The individuals referred to in 18 NYCRR 360.5(c) include persons such as the petitioners who, “ if needy, would be eligible for AABD, ADC, or HR”. While the petitioners because of their excess income (OASDI benefits) are not entitled to receive cash public assistance, they are eligible for “ medical assistance only” benefits pursuant to sectioin 366 (subd. 1, par. [a], sub-par. [4]) of the New York Social Services Law. They number several thousand persons whose medical expenses far exceed their income and who are required to assign their income, less an allowance for expenses, to the medical facility in which they reside.
On December 29, 1972, the respondent issued Administrative Letter 72 PWD-209 which provided, inter alia, that the “ disregard ” of up to $4 provided for in Public Law 92-603, section 306 was not to be applied to “ medical assistance only ” *202 recipients or applicants, ‘ ‘ because * * * [such recipients or applicants] must be in receipt of cash public assistance for AABD (Aid to the Aged, Blind and Disabled) and monthly social security to receive such disregard of income.” Respondent concluded that since section 306 of the Public Law 92-603 specifically referred only to subchapters I, X, XIV and XVI of the Social Security Act, covering federal programs for old age assistance, aid to the blind and aid to the disabled, and omitted any reference to title XIX of the Social Security Act covering “ Grants to States for Medical Assistance Programs ”, the ‘ ‘ disregard ” of up to $4 was intended only for OASDI recipients who also received public assistance grants under the aid to the aged, aid to the disabled and aid to the blind programs, and was not intended for recipients of medical assistance only.
The petitioners in this article 78 proceeding, as “medical assistance only” recipients, on behalf of themselves and all others similarly situated, seek a judgment annulling the determination of the respondent that they are not entitled to the ‘ ‘ disregard ” of up to $4, upon the grounds that section 306 of the Public Law 92-603 read in conjunction with section 366 (subd. 2, par. [b]) of the New York Social Services Law, 18 NYCRR 360.5(c), and the Code of Federal Regulations [tit. 45, § 248:21 (a) (3) (iii)], mandates such relief.
This proceeding was initiated on May 23, 1973. By virtue of chapter 516 of the Laws of 1973 (May 18, 1973), the respondent was authorized to grant, in its discretion, the ‘ ‘ disregard ’ ’ of up to $4 sought by the petitioners in this proceeding, and this ‘ ‘ disregard ’ ’ was in fact authorized by the respondent for the period commencing June 5, 1973, with the issuance of Administrative Letter 73 PWD-84. Accordingly, there remains at issue only whether the petitioners and those similary situated, were entitled to this disregard prior to June 5, 1973, and by implication whether the respondent was required to make the disregard of up to $4 available to “medical assistance only” recipients, notwithstanding the purported discretion granted to the respondent to do so by chapter 516 of the Laws of 1973.
An examination of applicable State and Federal law, including section 366 (subd. 2, par. [b]) of the New York Social Services Law and 18 NYCRR 360.5(c), both quoted above, and section 248.21 (subd. [a], par. [3], isubpar. [ri]) of title 45 of the Code of Federal Regulations, establishes that the respondent was indeed required to make this disregard of up to $4 available for recipients of 1 ‘ medical assistance only ’ ’ from at least November 1,1972. 18 NYCRR 360.5(c) which is consistent with *203 the statutory mandate of section 366 (subd. 2, par. [b]) of the New York Social Services Law, states that “ the amount of income that is required to be or may be disregarded ” for an applicant or recipient, who, if needy, would be eligible for AABD, ADC or HR, i.e., such as the petitioners, ‘ ‘ shall not be considered as being available when applying the criteria for establishing his financial eligibility for medical assistance ’ \ The sense of 18 NYCRR 360.5(c) is to require that “ medical assistance only ” recipients who meet the categorical requirements of AABD, ADC or HR be treated in the same fashion as recipients of cash public assistance grants under AABD, ADC and HR programs for the purpose of computing “ disregards ” or “ pass alongs Such has been the accepted procedure with respect to another kind of income " disregard”, amounting to $7.50 monthly under 18 NYCRR 352.18, which recipients of Medicaid were entitled to keep. This was pointed out to. respondent in a letter addressed to him by the Federal agency, which noted that section 1602(a) (14) (d) permitted the disregard of $7.50 in determining eligibility and money payments without making reference to title XIX of the Social Security Act.
Such an interpretation is supported by section 248.21 (subd. [a], par. [3], subpar. [iii]) of title 45 of the Code of Federal Regulations which provides in part: “ A State plan under title XIX of the Social Security Act must * * * Provide that all income and resources (after all State policies governing the disregard, on setting aside for future needs, of income and resources in the State’s approved plans under titles I, IV-A, X,' XIV, and XVI have been applied) will be-considered in establishing eligibility, and in the flexible application of income to medical costs not in the State plan, and payment toward the medicad assistance costs.”
Read in conjunction with section 1902 (subd. [a], par. [17], subpar. [B]) of1 the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [17], subpar. [B]) which provides in partA State plan for medical assistance must * * * provide for taking into account only such income and resources as are * * * (in the case of any applicant or recipient who would, if he met the requirements as to need, be eligible for aid or assistance in the form of money payments under a State plan approved under subchapter I, X, XIV, or XVI of this chapter, or part A of subchapter IV of this chapter), as would not be disregarded * * * in determining his eligibility for and the amount of such aid or assistance under such plan ’ ’, section 248.21 (subd. [a], par. [3], subpar. [iii] of title 45 of the Code of *204 Federal Regulations) requires that a State, to be eligible for Federal contributions in funding State medical assistance programs, must make income ‘ ‘ disregards ’ ’ which are available to cash grant recipients, available to categorically eligible recipients of “ medical assistance only In this regard, by letters of March 6,1973, the Regional Commissioner of the Department of Health Education and Welfare for Region II, which includes New York State, wrote to respondents’ Deputy Commissioner, concerning respondents’ failure to apply the $4 disregard to medical assistance recipients onlyWe have no question that * * * [Code of Fed. Reg., tit. 45, § 248.21, subd. (a), par. (3), subpar. (iii) ] is intended to apply a disregard $4.00 of OASDI income to persons ineligible for cash assistance but seeking Medicaid coverage. [Petitioners’ Exhibit 13] ”. The interpretation given to a statute by the administrative agency responsible for its enforcement, particularly where, as here, the program has been administered since 1935, including every aspect of public assistance and Medicaid programs, should be respected. (United States v. Public Utilities Comm., 345 U. S. 295.)
Although respondent, in support of a cross motion to dismiss the petition, argues that (1) the court lacks jurisdiction of this proceeding; (2) the proceeding has been rendered moot by virtue of respondents’ issuance of Administrative Letter 73 PWD-84, granting “ medical assistance only ” recipients, effective June 5,1973, the disputed $4 disregard, pursuant to chapter 516 of the Laws of 1973; (3) the petitioners have'not exhausted their administrative remedies; and (4) this is not a proper class action, none of these arguments justify the requested dismissal of the petition. This article 78 proceeding, in the nature of mandamus, is clearly brought within the jurisdiction of the court to determine “ whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion ”. (CPLR 7803, subd. 3.) The proceeding is not moot, for as noted above at issue is whether petitioners, and those similarly situated, are entitled to receive a disregard of up to $4 per month from November 1, 1972 or such time as they become “ medical assistance only ” recipients, to June 5, 1973, the effective date specified in Administrative Letter 73 PWD-84. No useful purpose would be served by requiring further administrative proceedings prior to considering the merits of petitioners’ application, and the petitioners, and those on behalf of whom they bring this proceeding, represent a. cognizable class (CBLR 1005, subd. [a]). Accordingly, respondents’ cross motion tq *205 dismiss the petition is denied and the petitioners’ application is granted to the extent of directing the respondents to provide the petitioners, and those similarly situated, a disregard of up to $4 pursuant to section 306 of Public Law 92-603 from November, 1972, or such time as they become “ medical assistance only ” recipients, to June 5,1973.
It should be observed that this litigation demonstrates the continued difficulty in administering the vast body of complex and interrelated Federal and State social services legislation and regulations. Notwithstanding the enormous social services benefits which are available, the inherent complexity of its legal underpinning and the bureaucratic nature of its administration continue to cause substantial inequity in its administration.
The court acknowledges its appreciation for the thorough, helpful and vigorous advocacy of counsel for the petitioners and counsel for the respondent.