Alfred D. Lerner, J.
This is an article 78 proceeding to review and annul a decision after fair hearing dated May 9, 1974 by respondent Lavine, as Commissioner of the New York State Department of Social Services, which affirmed a determination by respondent Dumpson, as Commissioner of the New York City Department of Social Services, denying a retroactive grant of public assistance to petitioner on behalf of two children who had resided in her home.
At the fair hearing petitioner and her husband testified that in May, 1973 a social services employee contacted them and requested that they take into their household Harry Drayton, a child of Mr. Russell’s deceased sister. Harry and his brother Kennedy had been living with a great aunt until she became ill and could no longer care for them. The social services employee assured the Russells, who live on a small fixed income, that the arrangement was a temporary one and that the Department of Social Services would provide assistance on Harry’s behalf during his stay. It was in reliance on this promise that petitioner took Harry into the household. In June, 1973 Harry’s brother Kennedy was also taken into the household on the same condition as his brother and with the repeated promise of assistance by the social services worker. After several unsuccessful attempts to obtain an application for assistance, petitioner finally received an application and filed it in late September, 1973. The Department of ¡Social Services took no action on the application, despite numerous inquiries by petitioner until November, 1973, after Harry had left the household, and at that time petitioner began receiving assistance on behalf of Kennedy only. Petitioner again requested, without success, assistance on behalf of both children for the periods during which they resided in the Russell home. At the end of November, 1973 Kennedy also left the household.
On January 20, 1974 a fair hearing was held pursuant to petitioner’s request on January 4, 1974 to review the denial of retroactive assistance. It was conceded at the hearing that the testimony of petitioner and her husband regarding the sequence of events was accurate.
*970 Respondent Lavine affirmed the agency’s determination denying retroactive assistance upon the grounds that: (1) the regulations of the State Department of Social Services provide that assistance be issued only to meet current needs and that since the children, no longer in the household, have no unmet needs, no assistance need be issued; and (2) “ there is no indication that the appellant [petitioner] requested a fair hearing within 60 days of any determination by the agency as required by Section 358.5 of the Regulations, and accordingly, this controversy is no longer subject to review.”
The decision of respondent Lavine is affected by an error of law. It was conceded at the fair hearing that it was at the Department of Social Services’ request that petitioner and her husband took the two children into their home upon the repeated promises of reimbursement for expenditures. Respondents fail to acknowledge that it was they, not the petitioners, who initiated the relationship. It would indeed be anomalous if respondents were permitted to penalize petitioners for their own inaction asserting, in effect, that since the childrens ’ food, clothing and shelter needs were somehow met, they bear no financial responsibility because there are no longer any ‘6 current unmet needs ’ ’. The contention that reimbursement may not be made, therefore, cannot apply in this situation. (See Matter of Cole v. Wyman, 40 A D 2d 1033; Lutsky v. Shuart, 74 Misc 2d 436; Matter of Rosenblum v. Lavine, 70 Misc 2d 667.)
The alternative ground of respondent Lavine’s decision is also affected by an error of law, since there is no evidence that petitioner was ever given written notification of the adverse agency determination as mandated by the regulations of the Department of Social Services. (18 NYCRR 358.3.) Compliance with these regulations is required in order to commence the running of the 60-day period of limitation. (18 NYCRR 358.5; Matter of Kantanas v. Wyman, 38 A D 2d 849.)
The respondents assert as an affirmative defense to the proceeding that there was substantial evidence in the record to support the decision and that, therefore, the matter should be transferred to the Appellate Division pursuant to CPLR 7804 (subd. [g]). The petition raises only questions of law and the mere fact that a statutory hearing was held does not automatically invoke the transfer provisions of CPLR 7804. (Norton v. Lavine, 74 Misc 2d 590; Matter of Robertson v. Lavine, 71 Misc 2d 757.) No basis for transfer being present, respondent’s affirmative defense is without merit.
*971 Accordingly, the decision of respondent Lavine dated May 9, 1974 is annulled and respondents are directed to issue within 30 days after service of a copy of the judgment with notice of entry, a retroactive grant to petitioner for the period of 1973 during which Harry and Kennedy Drayton resided in the Bussell home.