Anthony J. Ferraro, J.
Petitioner makes this application pursuant to CPLR article 78 to reverse and annul the determination of respondent Lavine denying her funds for broker’s fees and a security deposit upon her move from Queens County in New York City to Yonkers in Westchester County.
Petitioner requested and obtained a fair hearing to challenge the denial of a grant to cover the above expenses incident to her move. The hearing officer determined after receiving proof that the move was not necessary and that the expenses were met by another source, to wit: loans obtained by petitioner from friends.
Petitioner presented proof at the hearing that (1) her previous apartment contained dangerous and defective wiring (2) there were sewer back-ups into her premises (3) there was rodent and mosquito infestation (4) there were dangerous traffic conditions with numerous accidents (5) there were disciplinary problems in the school and problems of discrimination in the neighborhood and (6) there was a high incidence of drug use in the neighborhood.
Respondent contends (1) that the move was made for convenience only because petitioner intended to marry a man who lived in Yonkers, New York and because she wanted a better and more rural neighborhood and (2) that the borrowed funds constituted other means justifying a denial of the request for reimbursement.
Petitioner’s proof sufficiently establishes the necessity for the move in the interest of the welfare and safety of her family. The fact that she chose a more convenient location does not detract from the necessity. Once the need became apparent the filling of that need in the most convenient manner became inevitable. The convenience was the consequence of the necessity but not the cause of the move.
The court cannot agree with respondent’s reasoning that borrowed funds constitute other means. Respondent cannot precipitate petitioner into a position of need by refusing funds and then escape responsibility because petitioner necessarily *865 obtained them elsewhere. Borrowed funds are not other means because they never become the absolute property of the borrower being diluted by the legal obligation to repay and dissipated by the actual payment.
If the move was in fact necessary then legal obligation exists to cover expenses incidental to the move and the obligation cannot be shirked or shifted to one who has no duty to bear it.
Finally, respondent contends that petitioner’s failure to obtain prior approval of the move deprived him of the opportunity to negotiate with the landlord to protect the security deposit. Respondent can be adequately protected by an assignment of the rights to the security by the petitioner to the respondent.
This proceeding presents issues as to the sufficiency of the evidence adduced at the fair hearing and is referrable to the Appellate Division pursuant to CPLR 7804 (subd [g]). However, this court is of the opinion that the evidence clearly establishes the necessity, that the reasons set forth by petitioner were uncontradicted and compelling and that it should not further burden an already overburdened appellate court. The determination of respondent Lavine is therefore annulled and respondent directed to reimburse petitioner for the brokerage fees and the security deposit upon condition that an assignment of the rights to the security deposit be given to respondent.