J. Robert Lynch, J.
The petitioners, recipients of a public assistance shelter allowance promulgated by the respondent Commissioner of the Onondaga County Department of Social Services under the authority of 18 NYCRR 352.3 (a), have brought this CPLR article 78 proceeding seeking a declaration that the schedule of allowances so promulgated is, because of its inadequacy, arbitrary and capricious. They also seek an order directing the respondent to formulate a new schedule to be applied retroactively to January 1, 1975. They further seek recovery of costs, disbursements and counsel fees. They have brought this proceeding as a class action. (See Young v Shuart, 67 Misc 2d 689.) It was brought, heard and decision reserved under the provisions of CPLR 1005 (now repealed by L 1975, ch 207, § 2, eff Sept. 1, 1975).
Since the hearing in this matter and as the direct result of a proceeding entitled Lascaris v New York State Dept. of Social Services (Sup Ct, Onondaga County, Miller, J.), a new shelter allowance has been promulgated by the respondent commissioner to become effective as of October 1, 1975. Consequently the application to direct the respondent to formulate a new schedule in this proceeding has become moot.
Even if we assume that the shelter allowance that was the subject of this proceeding was an arbitrary and unreasonable determination, it does not follow that, on the basis of this petition, we can order the implementation of the new schedule retroactively back from October 1, 1975 to January 1, 1975. Such an order would effectively hold that the damages suffered by the two petitioners here from the inadequacy of the old schedule were typical of a class which they purport to represent.
In essence, the two petitioners here maintain that in this proceeding they are representatives "of a common or general interest of many persons” and hence this qualifies as a class action under CPLR 1005 (subd [a]). In support of this demand for what must be labeled damages from January 1 to October 1, they contend that the allowance paid was inadequate to meet their monthly housing costs and that they had to chan *98 nel moneys earmarked for other purposes into meeting these costs. They claim that this diversion of money made them unable to purchase necessary clothing and food for their families or to cover mandated expenses such as electricity bills. The stated, but unproven assumption from the evidence of their condition is that all of the other shelter allowance recipients in the county suffered similar injury for the same reason in a roughly equivalent amount. Upon this assumption rests the petitioners’ contention that this is a proper subject for a class action.
A recent development of the law has been the recognition of a broader range of permissible class actions (Moore v Metropolitan Life Ins. Co., 33 NY2d 304, 313). No rule has been set for denying or permitting class actions other than that such a determination involves a case-by-case "consideration of the nature and strength of the tie among members of the class” (Ray v Marine Midland Grace Trust Co., 35 NY2d 147, 153). Nonetheless, the need to ascertain that common questions predominate over individual ones has not been discarded as a criterion of the validity of a class action (Ray v Marine Midland Grace Trust Co., supra); nor has the fact that wrongs were committed pursuant to a common plan permitted the invocation of a class action suit where the wrongs done were individual in nature or subject to individual defenses (Gaynor v Rockefeller, 15 NY2d 120, 129; Society Milion Athena v National Bank of Greece, 281 NY 282, 292).
In this proceeding the petitioners have failed to make clear exactly whom as a class they purport to represent. The class cannot constitute everyone receiving a shelter allowance in Onondaga County because the evidence indicates that there are some recipients whose monthly housing costs did not exceed the shelter allowance and who may therefore be unaffected by the inadequacy of the schedule.
Presumably then, the class the two petitioners purport to represent must be those like themselves who paid more each month in rent than they received under the schedule. It would, however, be an oversimplification to conclude that all of these recipients merit retroactive compensation to the extent of the difference between what they paid out and what they received. That the two petitioners may have been harmed to the extent of their inadequate payments does not constitute proof that the others suffered a comparable or a uniformly calculable harm. Instances can be postulated where *99 other income was not earmarked or may not have been essential to the purchase of other necessities. There may have been instances where the recipients made no attempt to locate housing within the allowance and thus contributed to their own inability to purchase other necessities.
Furthermore, why should the class include only those whose housing costs exceeded the allotment? Some recipients may have decided to accept, or have been forced to accept, substandard housing rather than to divert other income to offset the inadequacy of the allowance. Such people would have been damaged but are apparently unrepresented by this action.
Since the wrong, if any, adhering to each shelter allowance recipient is unique both in its nature and its degree, we must conclude that the petitioners cannot be held to represent a common or uniform interest shared by others. "Separate wrongs to separate persons, though committed by similar means and even pursuant to a single plan, do not alone create a common or general interest in those who are wronged” (Society Milion Athena v National Bank of Greece, 281 NY 282, 292, supra).
The petitioners’ reliance on recent cases granting class action status and retrospective relief to public assistance recipients is not well founded. Matter of Martin v Lavine (76 Misc 2d 199); Lutsky v Shuart (74 Misc 2d 436) and Matter of Scarpelli v Lavine (Sup Ct, Nassau County, 1974) involved situations wherein Social Services either misread or disregarded an applicable State statute or failed to give precedence to a Federal statute. In each instance an entire class of welfare recipients was uniformly prejudiced. The mistaken statutory application prevented the particular class from realizing a mandated amount of money. The amount improperly withheld from each member was either explicitly stated in the statute or was calculable merely by adding a specific individual expense into the formulation contained in the statute. There was no need to predicate each individual’s recovery upon a subjective assessment of the existence of an inadequacy and the degree of it. In Martin (supra), Lutsky (supra) and Scarpelli (supra), the right to relief and its amount were ascertainable merely by an objective reading of the statute. These cases are, therefore, distinguishable from the instant situation.
The petitioners’ application for class action relief must therefore be denied.
*100 As to the application by the petitioners for attorneys’ fees, we find no case law authority for such an award to a nonprevailing party and no statutory authority other than appears in CPLR 8303. That section provides for additional discretionary allowances under subdivision (a) for actions and under subdivision (b) for enforcement motions. Since this article 78 proceeding is neither an action nor a motion to enforce a judgment, the application must be denied. (Cf. CPLR 909, L 1975, ch 207, § 1, eff Sept. 1,1975.)
Costs upon a motion may be awarded to gny party in the discretion of the court (CPLR 8106) as may disbursements (CPLR 8301, subd [b]). When this proceeding was commenced it was directed against a shelter allowance then in effect and a hearing on the adequacy of the allowance was ordered. At the opening of the hearing the respondent conceded the inadequacy of the allowance and proffered a newly promulgated schedule. Since the petitioners contended that the new schedule was also inadequate, the proceeding and hearing continued against it. Because the respondent was operating under a schedule concededly inadequate when this proceeding was commenced, we deny him costs and disbursements although he is the prevailing party on this motion. Because they have not prevailed upon the motion, costs and disbursements are denied the petitioners.
The petitioners’ motion must be denied.