Edwin Kassoff, J.
This is an article 78 proceeding to set *110 aside a decision by respondent Berger, as Commissioner of the Department of Social Services of the State of New York denying petitioner’s application for home relief on the ground that the decision is arbitrary and capricious.
Petitioner was removed from her mother’s public assistance grant in November, 1974 when she reached the age of 21. Since January, 1974 she has been enrolled in the Queens Hospital Center School of Nursing in a two and one-half-year program which will culminate in her receiving a diploma as a registered nurse in June, 1976. Her current curriculum consists of attendance at the Queens Hospital Center, duty on wards, and attendance at classes in the evening at Queensborough Community College. Subdivision 5 of section 131 of the Social Services Law imposes a duty upon an employable person who is receiving public assistance to register with the nearest employment agency of the Department of Labor and to accept employment in which he is able to engage. Failure to meet these requirements will result in a termination of the person’s public assistance benefits. However, the regulations of the Department of Social Services of the State of New York provides an exception to the definition of employable person. Thus, a home relief applicant shall not be deemed to be employable by reason of: "(4) full time, satisfactory participation in an approved program of vocational training or rehabilitation which shall include but not be limited to participation in a two-year college program with a specific vocational objective”. (18 NYCRR 385.1.)
In a decision after a fair hearing petitioner was found not to be covered by the above-quoted regulation. In his decision, respondent Berger found that appellant was enrolled in a two and one-half-year college program, which did not constitute an approved program of vocational training as defined in the regulation, and respondent Berger concluded that petitioner was therefore employable.
A threshold contention raised by respondent Berger may be quickly disposed of. Respondent Berger contends that inasmuch as a statutory hearing was held herein and petitioner raised questions of substantial evidence, this proceeding must be transferred to the Appellate Division. (CPLR 7804, subd [g].) The court finds, however, that inasmuch as respondents did not present any evidence to contradict the evidence offered by petitioner, no question of substantial evidence is raised, and this proceeding need not be transferred to the Appellate *111 Division. (See Matter of Russell v Dumpson, 79 Misc 2d 968.) Rather, the petitioner contends that respondent’s determination was arbitrary and capricious as a matter of law, and that petitioner is presently entitled to home relief assistance.
In the opinion of this court respondent Berger may have misinterpreted the regulation in this case. His decision states that petitioner is engaged in a college program. It does not appear, however, that the Queens Hospital Center School of Nursing, which petitioner attends, is a college. Because of the sparseness of the record before it, however, the court cannot pass upon the alleged arbitrariness and capriciousness of respondent Berger’s determination. There is no evidence in the record to determine whether petitioner is entitled to welfare as a person unable to support herself (Social Services Law, § 158, subd [a]), nor can it be determined from the record before this court whether petitioner is satisfactorily participating in an approved program of vocational training. The record is also barren of any evidence as to whether petitioner’s attendance at Queensborough Community College, in fact, constitutes participation in a college program, rather than participation in an approved program of vocational training. If petitioner is, in fact, participating in a vocational training program, she may be eligible for public assistance benefits, inasmuch as she would not be deemed employable under the regulation. On the other hand, if petitioner is participating in a college program, she may not be eligible for assistance, since the program is more than two years in length.
These issues can only be resolved by the presentation of further evidence, and accordingly, this matter is remanded to respondent Berger for further proceedings to resolve these issues.