■ In the Matter of Sharon Stewart, Appellant, v J. Henry Smith, as Commissioner of the New York City Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Toia, State Commissioner of

Social Services, dated May 26, 1976 and made after a statutory fair hearing, which affirmed a decision of the local agency denying petitioner's request for retroactive payments of grants in the category of aid to families with dependent children (ADC) for the period from May 16, 1974 to April 15, 1975, petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County, dated November 24, 1976, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination annulled, petitioner's application for benefits for the period in question granted and respondents are directed to pay petitioner the said benefits. Subdivision (g) of section 352.7 of the rules of the New York State Department of Social Services (18 NYCRR 352.7 [g]), which deals with payment by a public assistance agency for services and supplies already received, does not govern the petitioner's application for retroactive payment to her of the ADC grant during the period from May 16, 1974 to April 15, 1975. Petitioner had been found to be eligible for such grant by the local agency by a "Notice of Acceptance" dated April 11, 1974, which also set forth the semi-monthly amounts she was to receive. Rather, the provision which governs is section 352.31 (subd [e], par [1]), which provides that payments to be made to correct underpayments shall be made promptly and may be made for the 11 months preceding the month in which the underpayment is discovered. The fact that petitioner, during the period in which her underpayments consisted of total nonpayment by the local agency, was able to survive with her two small children by obtaining loans from friends to pay for the rent and other necessaries, does not serve to establish her lack of "current need" for the retroactive payments. The debts to friends are still outstanding and should be repaid by funds paid to her by the local agency, which should not be allowed to use the willingness of petitioner's friends to lend her money to deal with the agency-created emergency to exonerate it of the responsibility it had to provide petitioner with the ADC grant for which she was found to be eligible. Such a result was contemplated neither by the rules of the State agency nor by the Legislature (see *Matter of Cole v Wyman,* 40 AD2d 1033; *Matter of Walker v Lavine,* 83 Misc 2d 863; *Matter of Russell v Dumpson,* 79 Misc 2d 968; *Lutsky v Shuart,* 74 Misc 2d 436; *Liebman v Lavine,* NYLJ, Sept 19, 1975, p 8, col 6). Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.