◼ In the Matter of ELSA SERRANO, Individually and on Behalf of Her Two Minor Children, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated November 14, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's request for a grant providing her with moving expenses of $450, a security deposit of $275, a broker's fee of $275, and the first month's rent for her new apartment of $275. Petition granted to the extent that the determination is annulled, on the law and as a matter of discretion, without costs or disbursements, and the matter is remanded to the State commissioner for a further hearing on the issues of whether (1) petitioner's claimed moving expenses were actually incurred by her and (2) her move was necessitated under the criteria of 18 NYCRR 352.6 (a) (1) (ii) *(f)* and on

any other relevant issues which may develop at the hearing. The record in this proceeding is insufficient to permit us to resolve the two enumerated issues. The local agency neither appeared at the fair hearing nor presented any witnesses. It merely filed a statement which indicated that there had been no investigation of the petitioner's claims as to the reasons which necessitated her moving her family from New York City to Nassau County and as to the validity of her claims with respect to the sums she had had to pay for moving and to obtain the new living accommodations. Furthermore, the local agency has not filed a brief in this proceeding. In order to facilitate the hearing to be held we note that we find no merit in the grounds cited by the State commissioner for the affirmance of the local agency's determination that the grant petitioner sought was nonessential. Those grounds were that petitioner could have found suitable housing in New York City and that she had been able to obtain $1,400 from an unidentified source to pay her moving expenses. We find no authority which establishes a requirement that an applicant for a grant under the regulation involved herein may not move from one social services district to another district within the State in order to obtain new necessary living accommodations for the reasons set forth in 18 NYCRR 352.6 (a) (1) (ii) *(f)*. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.