In the Matter of CAROLE YURICH, Petitioner, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services,

dated July 27, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for a grant of public assistance for moving expenses and a rent security deposit. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, it is determined that petitioner is entitled to be reimbursed and the matter is remitted to the State commissioner for a further hearing on the issues of (1) whether petitioner's claimed expenditures were her true expenses and (2) the proper amount of assistance to be paid to the petitioner. The record in this proceeding is insufficient to permit us to resolve the above issues (see *Matter of Serrano v Shang,* 69 AD2d 905). In order to facilitate the hearing to be held, we note that we find no merit in the ground cited by the State commissioner for the affirmance of the local agency's determination, that petitioner had not met the criteria of 18 NYCRR 352.6 (a) (1) (ii) *(d), (f).* Petitioner clearly moved from a temporary residence to a permanent residence within the meaning of the regulation (18 NYCRR 352.6 [a] [1] [ii] *[d]).* Additionally, the living situation from which she moved was such that remaining there would have adversely affected the mental or physical health of her family (see 18 NYCRR 352.6 [a] [1] [ii] *[f]).* Finally, the State commissioner's contention that petitioner was not entitled to reimbursement of a personal debt, which was incurred because she had borrowed the necessary funds to move into her new residence, is without merit. The obligation she incurred is still outstanding and should be repaid by funds paid to her by the local agency, which should not be allowed to avoid its responsibility because petitioner was forced into borrowing the necessary funds it refused to supply (see *Matter of Shafran v Smith,* 60 AD2d 581; *Matter of Stewart v Smith,* 57 AD2d 897; *Matter of Walker v Lavine,* 83 Misc 2d 863). Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.