Samuel A. Spiegel, J.
In this article 78 proceeding, petitioner, a welfare recipient, seeks reimbursement from respondents for out-of-pocket payments made for a home health aide required for medical reasons.
Petitioner, 84 years old, suffered a severe stroke (cerebral vascular accident with complete hemiplegia) in November, 1970, and since her discharge from the hospital has been completely incapacitated. Her condition required emergency relief in the form of a health aide which respondents failed to furnish. The aide was paid by a niece, for which reimbursement is sought. It appears that unless such health aide was immediately furnished, petitioner would have been in grave danger because she was paralyzed and unable to care for herself. That emergency could not wait upon respondents’ time consuming processes to decide whether petitioner was entitled to such aide. The emergency was met by a niece who provided the money to pay the health aide.
In February, 1971 petitioner requested the services of a home health aid to be provided to her on the basis of 24 hours daily, seven days a week. Her request was supported by statements from her physician. On February 22, 1971, petitioner was granted home aide services on the basis of eight hours a day, seven days a week, effective February 19, 1971. On March 9, 1971 petitioner was granted the services on a 24-hour basis for six days a week. On April 14, 1971, the services to petitioner were reduced to eight hours a day for six days per week. On *668 June 22, 1971, the services were restored to a 24-hour basis, six days per week. A fair hearing decision, announced December 31, 1971, held that petitioner was entitled to around-the-clock services on a seven-day basis.
It is incomprehensible that a paralyzed woman, 84 years old, completely helpless and unable to care for herself, should have been callously denied around-the-clock nursing services.
Fortunately, at a fair hearing that determination was reversed, and she was humanely granted full nursing attention.
Her niece, without alternative, due solely to the inconsideration of the local Social Services office, paid for private nurses, without which there would be no petitioner today.
Petitioner was denied reimbursement because medical assistance is a vendor payment program and therefore payment can be made by the agency only to the actual provider of the services. The basis of the petition is to direct respondents to pay the actual provider of the services.
Home health aid services, as here, are provided under the New York State Medicaid program (Social Services Law, art. 5, tit. 11). Since this is a Federally reimbursed program, the Federal requirements must be observed by respondent.
Federal regulation requires that when a State welfare agency makes a decision favorable to the client, as here, the agency must make corrective payments retroactive to the date the incorrect action was taken (Code of Fed. Reg., tit. 45, § 205.10 [a] [13]) and Federal reimbursement is provided for these payments (Code of Fed. Reg., tit. 45, § 205.10 [2]).
The fair hearing decision held that it was an error not to provide the aide full time as the petitioner’s doctor directed. Therefore the respondent can issue a vendor payment for the home health aide for the period when she provided services for which respondents erroneously refused to pay, and petitioner’s niece can be reimbursed thereby for moneys so advanced which was the obligation of respondents.
This is in accord with Matter of Sherman (N. Y. L. J., Feb. 9, 1970, p. 2, col. 1, affd. without opn. 36 A D 2d 795), which is factually similar. Here a local agency determined that petitioner’s mother, a medicaid recipient, was not entitled to any nursing services. It was reversed by the Commissioner of Social Services who held that the mother was entitled to around-the-clock private duty nursing. In the meantime, petitioner was compelled to pay for the private duty nursing or deprive his mother of such required care as recommended by her physician. The Commissioner denied reimbursement on the same ground as in the case at bar on the ground that the law requires direct *669 payment to the supplier. Special Term directed reimbursement for the cost of private duty nursing advanced by petitioner.
To the same effect is Petranek v. Department of Social Services of City of N. Y. (N. Y. L. J.. Aug. 3,1970, p. 8, col. 2).
The application is granted.