■ In the Matter of EVELYN COLE, Appellant, v. GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated March 12, 1971 and made after a statutory fair hearing, which affirmed a decision of the New York City Department of Social Services denying petitioner's request for reimbursement of medical bills paid directly by petitioner, the appeal is from a judgment of the Supreme Court, Queens County, entered September 14, 1971, which denied the application and dismissed the petition. Judgment reversed, on the law, without costs; respondent's determination annulled; and matter remitted to respondent for (1) a further determination of the value of the medical services rendered to appellant on the basis of the Medicaid fee schedule and (2) reimbursement of that determined value to appellant. Petitioner applied for participation in the Medicaid program in June, 1970. On or about August 13, medical and surgical procedures were performed on her and she paid the vendors of such services directly. Petitioner was advised of her eligibility on September 18, 1970 at which time she learned that it was retroactive to August 1. Section 360.14 of the Rules and Regulations of the Department of Social Services (18 NYCRR 360.14) requires that eligibility shall be determined in every instance within 30 days after the date of application. In our opinion, petitioner's entitlement to the benefits provided under Medicaid accrued, according to the Department's own determination, on August

1. Under these special circumstances and in the interest of justice, petitioner is entitled to reimbursement in accordance with the fee schedule to be determined at the hearing. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.