■ JACK SOCKIN, Individually and as Father and Natural Guardian of ELLEN SOCKIN, an Infant, Petitioner, v. HAYES E. OVERCASH, as Commissioner of the Rockland County Department of Social Services, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the Department of Social Services of the State of New York, rendered March 29, 1973, which, after a statutory fair hearing, affirmed a determination of the Department of Social Services of Rockland County, refusing inter alia (1) to reimburse petitioner for medical and related bills paid directly by petitioner on behalf of his infant daughter, (2) to direct payment of specified sums to two physicians, (3) to direct payment for a "Medi-car" and (4) to deduct certain expenses in computing petitioner's available income. Petition granted to the extent that the determination of the respondent State Commissioner is modified, on the law, by adding thereto, immediately after the provision that the determinations of the local agency are affirmed, the following: "except the determinations (1) as to the amount of excess income petitioner is required to utilize and (2) denying petitioner's requests for (a) reimbursement and (b) payment for an ambulance limousine"; and matter remitted to the State Commissioner for (1) further determinations of (a) petitioner's available income upon his verification of his alleged expenses and (b) the value of the medical services rendered to his daughter after July 1, 1969 and paid for by him on the basis of the Medicaid fee schedule, (2) reimbursement of that determined value to petitioner and (3) a further hearing, at which the proof shall be amplified with respect to the transportation requirements of petitioner's daughter and the necessity for the Medi-car. As so modified, determination confirmed, without costs. Petitioner's infant daughter fell into a coma in July, 1969, requiring emergency treatment, which was rendered by two physicians, and extensive treatment thereafter. Petitioner's first application for participation in the Medicaid program was lost. A second application was not processed until October, 1970. Petitioner's right to medical assistance retroactive to July 1, 1969 and his right to deduct from gross sales his actual cash expenditures in the production of self-employment income was not established until after two fair hearings and two determinations by the State Commissioner. In the 2½-year period which elapsed prior to the second determination, petitioner paid the vendors of medical services a substantial amount of money directly. Under these special circumstances and in the interests of justice, petitioner is entitled to reimbursement in accordance with the fee schedule to be determined at the hearing (Matter of Cole v. Wyman, 40 A D 2d 1033; cf. Matter of Rosenblum v. Lavine, 70 Misc 2d 667). During that same period, petitioner's daughter was discharged home from the hospital in an electric wheelchair. Petitioner testified at a third fair hearing that the purchase of the Medi-car was necessary to transport her for therapy and was a condition of her discharge. The determination that the credible evidence establishes that she can be transported in an ordinary automobile is not supported by substantial evidence. Under the circumstances, petitioner is entitled to have his daughter's transportation needs considered by the agency. On this record, there was not developed full proof on the relevant issues. Petitioner should be given the opportunity to produce verification of his claimed expenses. It had been agreed at the fair hearing that he would be given such opportunity. The

two physicians refused to certify that payment made in accordance with accepted schedules is accepted as payment in full, as required by department regulations (18 NYCRR 540.7). Under these circumstances, payment may not be authorized (*Matter of Aroune* v. *Sipprell*, 36 A D 2d 888, affd. 33 N Y 2d 844; *Society of N. Y. Hosp.* v. *Mogensen*, 65 Misc 2d 515, 517). Gulotta, P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.