Frank J. Kronenberg, J.
This article 78 proceeding is •brought as a class action by petitioner who alleges that she and her three infant children were recipients of public assistance in the aid to dependent children category.
On October 11,1974 the respondent by letter notified petitioner that her application which she filed on September 23, 1974 requesting the status of PG-ADC for which she received a preliminary investigation grant was denied. The letter stated ‘ ‘ you failed to give complete and accurate information as to the whereabouts of Gary Shade ”. The letter further stated she could request a conference with respondent and if still not satisfied she could request a fair hearing. She did not receive her check of October 16,1974 and claims she and the children are destitute. Petitioner requested a fair hearing and when informed the procedure might take eight weeks she reapplied to respondent on October 21, 1974 under the ADC category with her friend Gary Shade who was then residing with her as a nonrecipient lodger. Petitioner claims at the time of the reapplication she was given an interview time of October 31, 1974, which was 10 days later and which she alleges is in violation of subdivision (c) of 18 NYCRR 350.2.
This regulation provides interviews to establish eligibility for public assistance shall be ordinarily scheduled within five working days except when ¡there is an emergency need, in which case the interview shall be held at once.
Respondent, in its answer admits that it cannot abide by the five-day rule because of an increase in applications, but due to the emergency situation, which respondent termed questionable, provided petitioner with a $20 Salvation Army food voucher.
Petitioner requests this court to grant the following relief :
1. Declaring this proceeding a class action pursuant to CPLR 1005 and permitting petitioner to proceed as a representative *242 of that ¡class of persons in Brie County who are in immediate need of public assistance ¡and who have .applied for the same at the Brie County Department of Social Services;
2. Declaring the local agency actions of respondent Sipprell to be in conflict with the mandate of the Social Services Law ■and the State Department of Social Services Regulations promulgated thereunder;
3. Permanently enjoining respondent Sipprell, his agents or employees from refusing to issue immediate interviews for that class of persons who have applied for public assistance in Brie County and are in immediate and emergency need, and from refusing to issue an interview within five working days from date of application for all other applicants,;
4. Direct respondent Sipprell to grant petitioner an immediate interview and determination as to her application for public assistance.
The court is of the opinion that this proceeding is properly before the court as a class action (CPLR 1005). The court also is of the opinion that despite the heavy workload of respondent in processing the applications and scheduling interviews — the regulation sought to be enforced is clear and concise in its directive. (Matter of Cisco v. Lavine, 72 Mise 2d 1009.)
The respondent should comply with the time limits of subdivision (c) of 18 NYCRR 350.2.
Petitioner’s prayer for relief is granted.