Bertram Harnett, J.
Lorraine Martin gave birth to daughter Danielle on July 3, 1974. The Department of Social Services, however, seems to question whether she was provably pregnant during the preceding months.
Ms. Martin and her disabled husband and their various children receive public assistance under the aid for dependent children program, and did so continuously for some years before Danielle was born. Their grant has included Danielle only from July 2, 1974, the date it received medical verification of the pregnancy. However, the Martins argue, with merit, we believe, that Danielle should have been taken into account in the grant since the fourth month of Ms. Martin’s pregnancy with her.
State departmental regulations provide that "the household of a pregnant woman shall be deemed increased by one person from the fourth month of medically verified pregnancy.” (18 NYCRR 352.30 [b].) After a "fair hearing,” it denied the Martins any benefits for Danielle before July 2, 1974, the first date it received medical verification.
The department does not question that it was timely informed of the pregnancy and requested to provide assistance. It also does not question that the Martins would have been entitled to the assistance prospectively upon presenting suitable verifying evidence. It only questions the timing of its receipt of acceptable written medical evidence.
It is reasonable to require some medical verification of pregnancy before assistance for an unborn is paid. And, in a case such as this, it is reasonable to require the client to provide such verification rather than placing that burden on the department.
However, the issue in this case is not whether the client provided verification, but whether the timing of that verification is of any significance. The Martins ask the court to find that they are entitled to benefits retroactively for a pregnancy which was later undisputably verified, certainly by the birth of the child.
The decision after fair hearing states: "In order to benefit fully by the provisions of the cited section, the recipient must supply the required verification prior to the fourth month of pregnancy.” (Emphasis supplied.) This finds no basis in the governing statutes or regulations.
The record shows scant evidence that the Martins knew or should have known they were required to verify the preg *556 nancy at all. There is no indication that the department, which had actual notice of the pregnancy, did anything to remind them or prompt them to supply verification.
In short, the department maintains that clients waive unborn child benefits if they fail to verify pregnancy before receiving benefits, while at the same time it does little to ensure that a plainly pregnant client applying for this relief will comply with this procedural technicality. This is unreasonable.
One can be certain that a woman who gives birth to a child was pregnant for some period before that. Ms. Martin should be permitted to establish that at some time she was in fact three months pregnant, and that she was entitled to the benefits she had applied for. It does not appear that verification of length of pregnancy after the fact is any more difficult than verification at the time, so as to subject the department to fraudulent claims. If it is more difficult, that only puts a heavier burden on the Martins to establish their entitlement. Indeed, some time lag is inevitable in filing, if only that some period is required from the beginning of the fourth month until a doctor’s appointment is in fact arranged and met, a report rendered, and delivery of the verification made to the Social Service Department.
The State is under no obligation to provide assistance for unborn children. (Burns v Alcala, 420 US 575, 45 CFR 233.90 [c] [2] [ii].) Once it does, however, it must administer that assistance in a fair and reasonable manner.
The department contends that there is no reason to grant relief retroactively. That particular period of need has passed, and, it argues, the Martin family "evidently [was] capable of subsisting adequately” during that time. How the family subsisted here is a matter of speculation, there being no evidence. In any event, this position ignores 18 NYCRR 352.31 which mandates retroactive payments to correct underpayments to current recipients. (See, also, Matter of Cole v Wyman, 40 AD2d 1033.)
The decision of the department must fall, and the Martins must be given an opportunity to establish the benefits due them. Accordingly, this matter is remanded to the Department of Social Services for action consistent with this decision.