■ In the Matter of IRIS LAWRENCE, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of the respondent State Commissioner, dated January 31, 1973, affirming a determination of the New York City Department of Social Services which denied petitioner's application for retroactive, corrective medicaid payments, unanimously annulled, on the law, and in the interest of justice, without costs and without disbursements, and the petition granted to the extent of remanding for a further hearing to determine the value of the services provided and the amount to be reimbursed pursuant to the appropriate fee schedules. Petitioner is a quadriparetic who has been in continual receipt of chronic care treatment at Kingsbrook Medical Center, Brooklyn, New York, since September of 1971. Petitioner's sole sources of income are public assistance from the New York City Department of Social Services and social security benefits. Upon petitioner's admission to the hospital in September of 1971, her physicians advised petitioner's sister, Kathleen Lawrence, that petitioner was in need of constant nursing care—in order to assist petitioner in the basic functions of daily living. However, when Kathleen Lawrence requested such care, she was told that it would not be provided. Thereafter, on or about October 18, 1971, respondents notified petitioner that she was eligible for medical assistance and inpatient care but that companion nursing services would not be provided. Accordingly, in order to provide the necessary medical assistance recommended by petitioner's physicians, her sister, during the period commencing September 25, 1971 and ending February 1972, expended $3,330.35 of her own moneys. Subsequent to the initial denial, further requests for medical assistance in the form of companion nursing were made and denied. Petitioner, thereafter, requested a fair hearing and after numerous adjournments a hearing was held which affirmed the determination of the New York City Department of Social Services. The sole basis for the respondents' determination was that subdivision 1 of section 367-a of the Social Services Law provides that "any payment with respect to any medical assistance shall be made to the person, institution, state department or agency or municipality supplying such medical assistance." There is no doubt that petitioner, who has been determined to be eligible for medical assistance, should have been provided with inpatient nursing services. A State, in order to qualify for contribution of funds from the Federal Government, must conform to the guidelines promulgated by Congress (US Code, tit 42, § 1351 et seq). Medical assistance as defined by title 42 (§ 1396d, subd [a]) of the United States Code includes: "(1) inpatient hospital services * * * (8) private duty nursing services". And, in accordance with the Federal guidelines, subdivision 2 of section 365-a of the New York State Social Services Law specifically provides that medical assistance "shall mean payment of * * * the cost of care, services * * * necessary to prevent, diagnose, correct or cure conditions

* * * that cause acute suffering * * * Such care * * * shall include * * * (a) services of qualified physicians * * * nurses * * * (b) care, treatment, maintenance and nursing services in hospitals". (See, also, 18 NYCRR 505.1[a][2] specifically providing for private-duty nursing care in the hospital.) Accordingly, the initial request made on behalf of the petitioner should have been granted since under the facts of this case the nursing care services were necessary for petitioner's proper treatment and were recommended by her physicians. Nor is there merit to respondents' contention that petitioner should be denied reimbursement because section 367-a of the Social Services Law is a vendor statute and accordingly, payment is only permitted to the person supplying the medical service. First, we note that 45 CFR 205.10(a)(18) provides that "when the hearing decision is favorable to the claimant * * * the agency shall properly make corrective payments retroactively to the date the incorrect action was taken." And, it seems that Federal reimbursement is provided for such payments (45 CFR 205.10[2]). Accordingly, the agency may make appropriate corrective payments and the fact that a third party has made direct payments to the vendor of the services, should not serve as a basis to deny what is otherwise proper corrective payments. And in any event, the respondents' contention has been rejected by the courts time and again. In *Matter of Rosenblum v Levine* (70 Misc 2d 667), where emergency relief in the form of health aid was improperly denied to the petitioner, reimbursement was nevertheless, thereafter, granted to the petitioner's niece who provided the money to pay for the necessary medical assistance. And, in *Matter of Cole v Wyman* (40 AD2d 1033–1034), the court also granted reimbursement of medical bills which had been paid directly by the petitioner, the court noting that "Under these special circumstances and in the interest of justice, petitioner is entitled to reimbursement in accordance with the fee schedule to be determined at the hearing." (See, also, *Sockin v Overcash,* 45 AD2d 717; *Matter of Sherman v New York Dept. of Social Servs.,* NYLJ, Feb 9, 1970, p 2, col 1, affd without opn 36 AD2d 795.) Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.