Charles B. Swartwood, J.
This is a CPLR article 78 proceeding by the petitioner to reverse a determination by the respondent Stephen Berger, Commissioner of the Department of Social Services of the State of New York, arrived at after a statutory fair hearing which affirmed on appeal a determination by the respondent William Liddle, Commissioner of the Department of Social Services of the County of Chemung, which held that the petitioner’s eligibility for medicaid was effective as of December 1, 1974 rather than as of November 1, 1974 as requested by the petitioner.
The petitioner’s wife had a child on November 28, 1974. The petitioner seeks medicaid for the medical expenses incurred in the delivery.
The respondent Berger, through a hearing officer, found after the fair hearing that in February, 1975 the petitioner sought medicaid for himself and his family; that he completed his application process in March, 1975 and was found to be eligible by the County Social Services Department in April, 1975, such eligibility to be effective as of December 1, 1974, being a date three months prior to the month in which the application was actually filed as required by 18 NYCRR 360.16 (c).
The petitioner does not question the facts as found by the hearing officer but claims that the hearing officer’s conclusion was affected by an error in law and arbitrary.
*963 The petitioner went to the County Social Services Department apparently on February 14, 1975 to apply for food stamps and for medical assistance. He was given two applications, one for each type of assistance that he was seeking. On his application for medicaid the date of March 3, 1975 was placed as the date of application, which date was to be the date of his interview. Apparently he appeared on that date or on March 6, 1975 at the county department but was interviewed only for food stamps and not for eligibility for medicaid. He left the building without realizing that he should have seen another interviewer with regard to his application for medicaid. Thereafter on March 24, 1975 he returned to the county department to ask about his medicaid application. He was given another form to fill out but realized he already had such a form that had been given to him in February, 1975. He returned to the department with the form which was then further endorsed with the date of March 24, 1975 over the previous date of March 3, 1975. His application was thereafter granted effective as of December 1, 1975. Had his application been considered as having been made in February, 1975 when he first sought medicaid his eligibility date would have been in November, 1974 if he were otherwise eligible in that month by operation of 18 NYCRR 360.16 (c).
It appears that it was the procedure of the county department in February and March, 1975 to put the date of an applicant’s interview on the application form given to him, which date was considered his application date. Sometime thereafter this procedure was changed and now the date that the applicant first appears is put on his application form and considered his application date.
The petitioner claims that he has been denied due process and equal protection of the law and further that the respondents violated 18 NYCRR 350.2, particularily subdivision (c), in that he was not given an interview within five working days of his first request for assistance in February, 1975.
Subdivisions (b) and (c) of 18 NYCRR 350.2 provide as follows:
"(b) All applications shall be processed promptly. The date of application shall be the date of receipt of the written request by the social services official. While documentation is required for the determination of eligibility, it shall not be a prerequisite to filing an application.
"(c) A personal interview with the applicant or a designated *964 representative is required in all cases to establish eligibility for public assistance. Interviews shall ordinarily be scheduled within five working days, except when there is indication of emergency need, in which case the interview shall be held at once.”
The respondent Liddle argues that subdivision (c) applies only to applications for public assistance and not to applications for medical assistance. This is not tenable in view of subdivision 20 of section 2 of the Social Services Law which includes medical assistance within the term "public assistance” and therefore subdivision (c) does apply to interviews for applicants for medical assistance.
The respondent Berger argues that the requirement of 18 NYCRR 350.2 (c) for an interview is not mandatory and further that the petitioner could have filed his application at any time prior to the interview date of March 3, 1975. In other words, it is the position of the respondents that the petitioner’s own failure to file his application in February, 1975 and actually filing it in March, 1975 caused his possible entitlement to be advanced from November to December, 1974.
Though there is authority that appears to hold that the five working day rule for an interview under the regulation of 18 NYCRR 350.2 (c) is mandatory (Matter of Sauls v Sipprell, 80 Misc 2d 240), we do not find that such holding is necessary for the resolution of this proceeding in view of the unusual circumstances here. The Federal statute (US Code, tit 42, § 1396a, subd [a], par [8]) provides that medical assistance shall be provided with "reasonable promptness” to applicants. The regulations thereunder (45 CFR 201.10[a] [2] [i]), require that applicants shall be informed of the requirements and their rights and be given appropriate information. It is evident that both the Federal and State regulations envision the affording of reasonably prompt action to applicants who have been informed of the available services and procedures in obtaining that assistance. Though the date of the application is the date of receipt of written request for assistance, the written application is not to be held up for documentation (18 NYCRR 350.2 [b]).
It is clear in this case that the petitioner was not informed that he could file his written application or request for medical assistance before the date set for eligibility interview; that he was not informed of the consequences of not filing within *965 the month of February, 1975, and that he could have reasonably believed that the March 3, 1975 date set for his interview was the first date he could file his application.
Under the special circumstances of this case we find that the petitioner’s application for medical assistance should be deemed to have been filed in February, 1975. (Cf. Sockin v Overcash, 45 AD2d 717.)
Such a filing date for petitioner’s application does not necessarily mean that he is entitled to medical assistance for his wife’s delivery on November 28, 1974. The regulation 18 NYCRR 360.16 (c) provides for eligibility for three months prior to the month in which the application is filed or back to November, 1974 in this case only if the applicant was eligible for care or services in that month. It appears here that the petitioner was working for some period in November, 1974 and may or may not have been eligible for the services given his wife and child on November 28, 1974. That is a determination that has to be made by the respondents.
The determinations of the respondents are reversed and the petitioner’s application for medical assistance shall be deemed to have been filed in February, 1975 and the question of whether the petitioner, his wife and child were in fact eligible for medical assistance at the time medical services were rendered to them in November, 1974 is remitted to the Department of Social Services of the County of Chemung for determination.
Petitioner to submit judgment.
No costs.