■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL FIFFE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 30, 1975 (the date on the clerk's extract is August 7, 1975), convicting him of criminal sale of a controlled substance in the first and second degrees and criminal possession of a controlled substance in the first, third (two counts) and fifth degrees, upon a jury verdict, and imposing sentence. By order dated May 15, 1978 this court remanded the case to the Criminal Term for hear and report on the issue of double jeopardy, with respect to the question whether the sales by defendant on October 26 and November 15, 1973 were covered by the conspiracy for which the defendant was prosecuted by the Federal authorities, and the appeal has been held in abeyance in the interim (People v Fiffe, 63 AD2d 704). The Criminal Term has complied and rendered a report, based upon a stipulation of the parties. Judgment reversed, as a matter of discretion in the interest of justice, indictment dismissed on the ground of double jeopardy, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant was indicted in Federal court, inter alia, for conspiracy to transfer cocaine during the period October 31, 1973 to May 1, 1974. He pleaded guilty to this charge. He was indicted in Kings County on various counts of criminal sale and possession of a controlled substance (cocaine); the acts allegedly occurred on October 26 and November 15, 1973. He was tried by a jury and found guilty as charged. At his trial the defendant failed to raise the question of double jeopardy, thereby failing to preserve the question of law for review on appeal. We decided to consider the question in the interest of justice, but found that the issue as to double jeopardy could not be determined on the state of the record presented. Accordingly, we remanded the case to the Criminal Term for a hearing on the issue of double jeopardy. The People conceded, and the Criminal Term found and reported, that the sales by defendant on October 26 and November 15, 1973 were covered by the conspiracy for which he was prosecuted by the Federal authorities. The Criminal Term found that the State trial of defendant constituted double jeopardy. In our opinion, that conclusion is correct (see People v Abbamonte, 43 NY2d 74) and the indictment should therefore be dismissed. Hopkins, J. P., Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GREHM, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed September 24, 1976. Sentence affirmed (see People v Parker, 41 NY2d 21). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. KRZIWDA, Appellant.—Judgment of the County Court, Nassau County, rendered June 3, 1977, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.