■ In the Matter of ANTHONY S., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal, as limited by appellant's brief, is from so much of an order of the Family Court, Kings County, dated September 23, 1977, as placed appellant with the Division for Youth for a period of three years, pursuant to a restrictive placement. Order affirmed insofar as appealed from, without costs or disbursements. The Family Court should have made specific written findings of fact as to each of the considerations set forth in subdivision 2 of section 753-a of the Family Court Act (see *Matter of Samuel M.,* 64 AD2d 611; *Matter of Kenneth S.,* 59 AD2d 744). However, on the facts in the record, we find that the Family Court's disposition was supported by a preponderance of the evidence. We have examined appellant's remaining contentions and find them to be without merit. Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.

■ In the Matter of LOUISE VANDERHALL, Petitioner, v PHILLIP L. TOIA, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 8, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency, denying the petitioner's request for medical assistance. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The petitioner has failed to establish that she is entitled to the relief she is seeking (see Social Services Law, § 366). The respondent State commissioner's determination is supported by substantial evidence and is not arbitrary or capricious. Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BLANCO, Appellant.—Appeal by defendant from (1) a judgment of the Supreme Court, Kings County, rendered April 30, 1975 (the date on the clerk's extract is August 7, 1975), convicting him of criminal sale of a controlled substance in the first and second degrees and criminal possession of a controlled substance in the first, third (two counts) and fifth degrees, upon a jury verdict, and imposing sentence, and (2) (by permission) an order of the same court, entered October 14, 1976, which denied his motion to vacate the judgment. Judgment reversed, as a matter of discretion in the interest of justice, indictment dismissed on the ground of double jeopardy, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50 (see *People v Fiffe,* 65 AD2d 559, which involved the appeal by appellant's codefendant). Appeal from the order dismissed in the light of the determination on the appeal from the judgment. Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.