■ In the Matter of LILLIAN SCHWARTZ, Individually and as Administratrix of the Estate of SAMUEL SCHWARTZ, Deceased, Appellant, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Appeal by petitioner, in her capacity as the voluntary administratrix of the estate of her late husband, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County, dated April 20, 1977, as denied her application to review that portion of a determination of the respondent State commissioner, dated April 26, 1976 and made after a statutory fair hearing, which denied her request for retroactive reimbursement of payments made by her son to a nursing home on behalf of the decedent during his lifetime. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, determination annulled insofar as reviewed and respondents are directed to make payments of medical assistance for the petitioner's decedent retroactive to September 23, 1975. In this case the petitioner's husband had a stroke and was confined to a nursing home. After expending their life savings for his care, on August 18, 1975, the petitioner applied for medical assistance, on her husband's behalf, to the Nassau County Department of Social Services. On September 23, 1975 the application was denied and during the lengthy administrative review and appeal procedures which followed, their son advanced the money to pay for his father's care in order to insure that he would not be turned out of the nursing home. On June 28, 1976 the County Department of Social Services reversed itself and approved the application for medical assistance to the husband, but the approval was made retroactive only until April 1, 1976. On July 14, 1976 the husband died. Petitioner then commenced this proceeding, *inter alia,* to obtain the medical assistance payments for decedent retroactive to August 18, 1975, the date of the first application. Special Term dismissed this branch of the application upon the

ground that the son was the real party in interest. This was error. As the personal representative of her deceased husband, petitioner had the right to press her husband's claim for reimbursement of the moneys advanced on his behalf by the son. The son was a provider within the meaning of section 367-a of the Social Services Law and was entitled to reimbursement retroactive to September 23, 1975, the date upon which the original application for assistance was improperly denied (see *Matter of Lawrence v Lavine,* 50 AD2d 734; *Matter of Rosenblum v Lavine,* 70 Misc 2d 667; 45 CFR 205.10 [b] [2]). Mollen, P. J., Damiani, Titone and Margett, JJ., concur.