■ In the Matter of RAY KLEIN, as Guardian for MARILYN KLEIN, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of respondent, as Commissioner of the State Department of Social Services, rendered April 24, 1978 after a fair hearing annulled, on the law, and respondents are directed to reimburse petitioner for the dental services rendered to Marilyn Klein at the rate of payment established under the medical assistance program and in effect at the time of such services, without costs. Petitioner, as guardian of her 45-year-old mentally retarded daughter Marilyn, seeks reimbursement for dental services furnished to her daughter. Marilyn is the recipient of Social Security payments and is eligible for medical assistance under the Medicaid program. In March, 1976, petitioner took Marilyn to see Dr. Baron, a dentist. His examination indicated the immediate need for considerable dental attention including extractions and the installation of a fixed bridge or bridges. Work was commenced the same month and a dental chart was prepared which was submitted to the Bureau of Medical Assistance in June, 1976. Marilyn was taken to the Medicaid office where she was examined by a dentist who agreed that the proposed dental work was necessary. Subsequently, that determination was overruled by a supervisor who, on June 29, 1976, rejected the plan proposed by Dr. Baron. Since petitioner was advised that the work was necessary for the health of Marilyn it was undertaken and was completed in October, 1977 at a total cost of $3,060. The Department of Social Services refused to make payment and the entire amount was paid out of Marilyn's Social Security allotment. Reimbursement was then sought and denied. Following the refusal by the Department of Social Services to make reimbursement a fair hearing was requested. The initial hearing before the local agency resulted in a rejection of the claim. On June 24, 1977 that determination was affirmed by the State Department of Social Services. A CPLR article 78 proceeding was commenced which was settled by a stipulation which provided for a new hearing. Dr. Baron testified at this second hearing. He indicated that the work performed by him was necessary to alleviate a "serious health condition". Indeed, he went further and testified to the need for immediacy in correcting the conditions found by him. Notwithstanding that no evidence was submitted to refute this testimony, the local agency before which the hearing was held denied the application for reimbursement. The Commissioner of the State Department of Social Services affirmed that holding, setting forth two reasons for so doing: first that no prior authorization for the services performed had been obtained as required by its regulations; and, secondly, that ordinarily payment is to be made only to the provider of the services. While reimbursement may be authorized under limited circumstances, it is not warranted where the department based its determination on the information available to it at the time. We note at the outset that respondents take no issue with the evidence which indicated the need for immediate action to deal with a "serious health problem". We accept the validity of the regulations which require prior authorization (18 NYCRR 506.3 [a] [9]) and that payment shall be made "to the person or institution supplying the care" (18 NYCRR 360.17 [a]). Nonetheless, we are compelled to recognize that there are "serious health conditions" which will not await compliance with all bureaucratic niceties. There are occasions when corrective measures will prove less than

satisfactory if they are delayed by the need for hearings. We are satisfied that the evidence amply demonstrated that the services furnished to Marilyn were "necessary to prevent, diagnose, correct or cure conditions * * * that cause acute suffering * * * result in illness or infirmity, interfere with his capacity for normal activity, or threaten some significant handicap" within the meaning of section 365-a (subd 2, par [a]) of the Social Services Law and that evidence to the contrary was completely lacking. We are satisfied also that the exigencies of the situation and the actions of the authorities excused compliance with the prior authorization requirement and that, in this case, reimbursement is warranted. Hence, any holding by respondents to the contrary was arbitrary and capricious. In holding as we do we take occasion to indicate that the obligation to reimburse is limited to that amount which respondents would have been required to pay to the person supplying the service had approval been accorded at the outset. Their responsibility is no greater because the amount actually charged by Dr. Baron may have exceeded the amount provided for by respondent's schedules in effect at the time the services were rendered. Their liability is limited to that amount. Concur—Ross, J. P., Lupiano, Silverman, Bloom and Yesawich, JJ.