■ In the Matter of CATHERINE MAIER, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated May 18, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying medical assistance to the petitioner under section 366 (subd 2, par [c]) of the Social Services Law, on the ground that petitioner failed to submit an application for medical assistance for her hospitalization for the period of April 28 to May 3, 1978 at St. Vincent's Medical Center. Petition granted, determination annulled, on the law, without costs or disbursements, and the respondents are directed to pay petitioners hospital bill of $1,280 incurred at St. Vincent's Medical Center of New York City for the period of April 28 to May 3, 1978. On March 28, 1978 petitioner applied to respondent, the Nassau County Department of Social Services (hereinafter local agency), for medical assistance upon her admission to the Nassau County Medical Center. During her confinement, petitioner was transferred to Syosset Hospital from where she was discharged on April 1, 1978. On April 12, 1978 the local agency denied petitioner's application upon discovering that she had transferred assets, presumably for the purpose of making herself eligible for medical assistance. While a fair hearing was pending on this issue, petitioner was hospitalized on April 28, 1978 at St. Vincent's Medical Center and was subsequently discharged on May 3, 1978. Petitioner did not file a second application for medical assistance for her confinement at St. Vincent's Medical Center. Instead, at the fair hearing on May 5, 1978 she informed the hearing officer, in the presence of the representative for the local agency, of this subsequent hospitalization and that an outstanding bill (in the amount of $1,280) required payment. Neither the hearing officer nor the local agency's representative at the hearing informed petitioner that she was only eligible for medical assistance under the catastrophic illness provisions (Social Services Law, § 366, subd 2, par [c]), which require a separate application to be filed upon each hospitalization. The hearing officer informed petitioner that if the question on the transfer of assets was decided in her favor by the State Commissioner of Social Services, petitioner should submit all outstanding bills to the local agency and the agency would determine which bills were covered. On June 1, 1978, the State commissioner found the transfer was not made to enable petitioner to qualify for medical assistance. Subsequently, the local

agency approved petitioner's application in connection with her hospitalization at Nassau County Medical Center and Syosset Hospital, but refused to cover her expenses incurred during her hospitalization at St. Vincent's Medical Center for the period of April 28, 1978 to May 3, 1978, on the ground petitioner did not make a separate application for this subsequent hospitalization with a verification of needs and income. Petitioner requested another fair hearing, and on May 18, 1979 the State commissioner affirmed the local agency's determination. Since the local agency originally denied petitioner's application on the ground of a transfer of assets, we find it was reasonable for petitioner, unfamiliar with the complex rules and regulations for obtaining said relief, to proceed by having the denial of her application reviewed at the May 5, 1978 fair hearing and by notifying the local agency of her most recent hospitalization at St. Vincent's Medical Center. In view of the special facts of this case, the accurate advice of the hearing officer was, nevertheless, misleading. Petitioner's failure to file a separate application can be attributed to this misleading advice. The State commissioner concedes that had petitioner applied for medical assistance promptly, relief in accordance with section 366 (subd 2, par [c]) of the Social Services Law and 18 NYCRR 360.16 (c) would have included the period of her confinement at St. Vincent's Medical Center. Accordingly, the petition is granted (see *Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110; *Mount Sinai Hosp. v Brinn,* 73 Misc 2d 1; *Matter of Cook v Liddle,* 85 Misc 2d 961; see, also, 18 NYCRR 360.2 which provides in pertinent part: "Whenever a social services district becomes aware that an applicant or recipient is in need of other assistance, care or services, such district shall inform the applicant or recipient of their availability and assist him to obtain them"). Damiani, J. P., Margett and Weinstein, JJ., concur.

Cohalan, J., dissents and votes to confirm the determination and dismiss the proceeding on the merits, with the following memorandum: The petitioner has the burden of proving eligibility for medical assistance (see *Lavine v Milne,* 424 US 577). This burden includes proving that an application was made for assistance *(Matter of Reynolds v Berger,* 54 AD2d 910). Applying the substantial evidence test, the record supports the inference that the petitioner did not make an application for medical assistance for her hospitalization at St. Vincent's Medical Center. Petitioner was eligible only for medical assistance for a catastrophic illness pursuant to section 366 (subd 2, par [c]) of the Social Services Law which requires a separate application for each hospitalization.