■ In the Matter of SYLVIA LUSTIG, by Her Guardian ad Litem ETHEL LANDAU, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, dated September 5, 1978, which, after a statutory fair hearing, affirmed a determination of the local agency that had denied petitioner and her nephew reimbursement for certain moneys expended by them for petitioner's medical care during part of the period that her application for medical assistance had been pending before the Nassau County Department of Social Services. Petition granted to the extent that the determination of the State commissioner is annulled, on the law, without costs or disbursements, and the local agency is directed to grant petitioner reimbursement for medical care expenditures retroactive to December 9, 1977. In May, 1977 petitioner entered a nursing home in Nassau County. On August 30, 1977 her nephew submitted an application for medical assistance on her behalf to the Nassau County Department of Social Services (the agency). On March 30, 1978 the agency approved this application, with payments for medical assistance effective January 22, 1978. All bills had been paid to that date. Petitioner sought review of this determination, contending that medical assistance payments should have been made retroactive to December 9, 1977. She argued that until that date she had been able to pay for medical care out of her nonexempt resources. (Pursuant to Social Services Law, § 366, subd 2, par [a], cls [3], [4], [8], as applicable in 1977, petitioner was eligible for a resource exclusion of $1,950.) These nonexempt

resources, however, were entirely depleted on December 9, 1977, after which time petitioner was forced to spend her exempt resources and to borrow an additional $926.82 from her nephew. She claimed that these funds, which paid for medical expenses until January 22, 1978, should have been reimbursed. The State commissioner denied this claim and affirmed the agency's determination that medical assistance payments should only be retroactive to January 22, 1978. This determination of the State commissioner was erroneous and must be annulled. 18 NYCRR 360.14 requires that "All factors of [medical assistance] eligibility shall be determined in every instance within 30 days of the date of application * * * Upon such completion of determination of eligibility, a prompt decision shall be made and approved and if eligible, care shall be authorized. Necessary care shall not be delayed pending determination of eligibility." In the case at bar, the agency's seven-month delay in approving the application for medical assistance was clearly in violation of this regulation. As a result, funds were expended that would not have been otherwise available for medical care had the agency acted promptly. Such a delay, therefore, should not be allowed to deny petitioner reimbursement for those funds. (See *Matter of Schwartz v Toia,* 68 AD2d 890.) Moreover, there is no merit to the State commissioner's contention that petitioner should be denied reimbursement because section 367-a of the Social Services Law is a vendor statute and, accordingly, payment is only permitted to the person supplying the medical service. This contention has been rejected by the courts time and again, and we adhere to these well-founded precedents. (See *Matter of Lawrence v Lavine,* 50 AD2d 734, and the cases cited therein.) Therefore, petitioner is entitled to retroactive reimbursement for funds expended for her medical care from December 9, 1977 to January 22, 1978. This would include the money spent out of her exempt resources and that which she borrowed. Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.