■ In the Matter of ERNEST COLE, on Behalf of ALBERTA COLE, Petitioner, v BARBARA BLUM, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Substantial evidence in the record supports the finding that any delay in approving petitioner's application for Medicaid assistance for his mother was caused by his failure to provide complete and accurate information regarding her resources. An applicant for Medicaid has the burden of proving eligibility (see *Lavine v Milne,* 424 US 577; *Matter of Moffett v Blum,* 74 AD2d 625; *Matter of Vanderhall v Toia,* 67 AD2d 685; *Matter of Reynolds v Berger,* 54 AD2d 910) and failure to timely submit the required proof provides a basis for denying these benefits (*Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110, affd 53 NY2d 825). The proof principally consisted of the caseworker's "comment sheet" which was admitted into evidence without objection. The quality of this hearsay evidence renders it worthy of belief (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; see, also, *Matter of Kaminsky v Brezenoff,* 77 AD2d 550; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7803.09). Thus, petitioner is not entitled to reimbursement of the funds spent by him for the medical care of his mother during the pendency of the Medicaid application. Medicaid payments may only be made "to the person, institution, state department or agency or municipality supplying [the] medical assistance" (Social Services Law, § 367-a, subd 1; see 18 NYCRR 360.17; see, also, 42 CFR 447.10, 447.15, 447.25). An otherwise eligible recipient or his family may not be reimbursed funds paid directly to the vendor of the medical care unless the expenses were incurred during an unjustifiable delay in the agency's approval of the Medicaid application (see *Matter of Lustig v Blum,* 80 AD2d 558; *Matter of Kaminsky v Brezenoff,* 77 AD2d 550, *supra; Matter of Klein v Blum,* 76 AD2d 768; *Matter of Schwartz v Toia,* 68 AD2d 890; *Matter of Lawrence v Lavine,* 50 AD2d 734; *Matter of Cole v Wyman,* 40 AD2d 1033). In this case the delay was caused by petitioner and not the agency. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Patlow, J.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.

■ RONALD T. MEHL et al., Respondents, v RICHARD ROBERTS et al., Appellants. — Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term improperly granted plaintiffs' motion for summary judgment imposing a prescriptive easement for driveway use on a narrow strip of defendants' property. The record presents triable issues of fact including whether the use by plaintiffs was "continuous and uninterrupted" (*Panzica v Galasso,* 285 App Div 859, 860, affd 309 NY 978) for the prescribed period (see *Arrow Bldrs. Supply Corp. v Royal Nat. Bank of N. Y.,* 21 NY2d 428, 431; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). (Appeal from order of Supreme Court, Oneida County, Tenney, J. — prescriptive easement — summary judgment.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.