■ In the Matter of MOLLIE KOHL, by Her Son, MARVIN KOHL, et al., Petitioners, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Appeal No. 15221.) In the Matter of IDA FULOP, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Appeal No. 15222.) — In these two separate CPLR article 78 proceedings involving Medicaid reimbursement for payment of personal health care services, transferred to this court by orders of the Supreme Court, New York County (Sinclair, J.), and Bronx County (Silbowitz, J.), entered on August 12, 1981 and May 19, 1982, respectively, respondents' determination in Appeal No. 15221 is annulled, without costs or disbursements, and the petition granted to the extent of permitting reimbursement for the period June 11 to July 19, 1979 and remanding for a computation of the amount due. In Appeal No. 15222, respondents' determination is confirmed and the petition dismissed, without costs or disbursements. Petitioners are seeking to be reimbursed for payments they made to personal care attendants. In Appeal No. 15221, it is conceded that petitioners should not have been denied reimbursement from June 11, 1979, the date of submission of the physician's form, until July 19, 1979, the date from which reimbursement was made. Such a physician's report or order is essential to an application for medical assistance (18 NYCRR 505.14 [b] [2]); it cannot be waived even for an emergency (see 18 NYCRR 505.14 [b] [6] [i]). In Appeal No. 15221, petitioners would construe 18 NYCRR 505.14 (b) (2) to have required the local social services department to have obtained the physician's order, presumably from the patient's physician, but respondents' construction — requiring the applicant to furnish the order to the local social services department — is a reasonable one; it is consonant with the requirement that applicants for Medicaid have the burden of proving eligibility (*Matter of Cole v Blum*, 86 AD2d 749), and should be upheld by the court (see *Matter of Padar Realty Co. v Klein*, 60 AD2d 533, 534). In Appeal No. 15222, petitioner has been granted reimbursement from the date of the submission of the physician's request but claims that, by virtue of 18 NYCRR 360.16 (c), she is entitled to be reimbursed retroactively for the month prior. A similar point is raised in Appeal No. 15221. However, section 360.16 (c) may reasonably be construed by the agency to require reimbursement to the recipient for medical assistance provided during the three-month period preceding the month of application only where the services were provided by a physician or dentist. (Social Services Law, § 367-a, subd 1; 42 CFR 447.10 [d] [2]; 447.25 [b].) Since the cases now before us do not involve requests for reimbursement for physicians' or dentists' services, the respondent has not addressed that issue, and we do

not here rule upon it. Concur — Kupferman, J. P., Sandler, Silverman, Lynch and Milonas, JJ.