OPINION OF THE COURT
William T. Bellard, J.
In this CPLR article 78 proceeding, petitioner seeks reimbursement from respondents for out-of-pocket payments made by her for medical care and treatment received within the three-month period immediately preceding the date she applied for Medicaid.
Respondent defends the denial of reimbursement upon the ground that pursuant to New York State’s Social Services Law payment may only be made to the supplier or provider of medical care or services, thus they have no obligation to petitioner. Petitioner contends that once having determined her to be eligible for medical benefits, the denial of reimbursement was arbitrary, capricious and an abuse of discretion.
Petitioner is 78 years old and suffers from angina pectoris, hypertension, a duodenal ulcer, basal cell carcinoma and glaucoma. Her rent, food, utilities and other necessities must be paid for from her only source of income, Social Security benefits.
An application for Medicaid benefits was submitted by petitioner on May 12, 1983, to the New York City Department of Social Services (N.Y.C.D.S.S.). When that agency failed to act on *71 petitioner’s application within the 30-day period mandated by law, petitioner commenced this proceeding to compel respondent N.Y.C.D.S.S. to provide her with Medicaid. On July 8, 1983, petitioner was notified that although she was not eligible for Medicaid because she received $15 a month more income than was allowable at the time, she nevertheless could receive benefits in any month where her medical expenses exceeded her surplus income. Petitioner requested and received a fair hearing which was held on August 1, 1983 resulting in a decision rendered on September 13, 1983. The decision found, inter alla, that the city agency failed to timely take action on petitioner’s application. After finding that petitioner had surplus income of $19.80 a month, the decision stated that the city agency had to provide petitioner with an opportunity to verify her increased health insurance costs effective July 1, 1983 and recompute her financial eligibility based on these costs and the recently amended income eligibility requirements. The decision made no provision for reimbursement of petitioner’s out-of-pocket medical expenses incurred after respondent failed to provide her with Medicaid.
On October 7, 1983 respondent city agency finally found petitioner to be eligible for Medicaid from July 1, 1983 to May 31, 1984. However, there remained several unsettled issues involving, inter alla, reimbursement of medical bills. On April 25, 1984, by stipulation, the parties agreed to resolve all issues between them with one exception, to wit, petitioner’s claim that respondents are required to reimburse her for paid medical expenses incurred by petitioner between February 1, 1983 and May 11, 1983, inclusive.
Thus, the issue presently before the court, in petitioner’s view is whether respondents, despite a determination that petitioner is eligible for Medicaid coverage, can refuse to reimburse her medical expenses simply because those bills have already been paid when such reimbursement would be made if the bills were still outstanding.
Not unexpectedly, respondents frame the issue simply as to whether the State Commissioner’s failure to direct the agency to reimburse petitioner, at the medical assistance rate, for medical bills she incurred and paid for prior to applying for medical assistance is arbitrary and capricious.
A State, in order to qualify for contribution of funds from the Federal Government for a medical assistance program, must conform to the guidelines promulgated by Congress (US Code, tit 42, § 1351 et seq.). New York State participates in the *72 Medicaid program and receives Federal funding under its State plan (Social Services Law, § 363 et seq.). Under section 1396a (subd [a], par [32]) of title 42 of the United States Code, “[A] State plan for medical assistance must provide that no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service”. Moreover, section.1396a (subd [a], par [34]) provides that, “in the case of any individual who has been determined to be eligible for medical assistance under the plan, such assistance will be made available to him for care and services included under the plan and furnished in or after the third month before the month in which he made application * * * for such assistance if such individual was * * * eligible for such assistance at the time such care and services were furnished”. It is also clear that under the appropriate Federal regulations reimbursement to -the recipients of medical services who have made direct payment to the provider is permitted (42 CFR 447.10 [d] [2]; 447.25). But, subdivision 1 of section 367-a of the New York Social Services Law states that “any payment with respect to any medical assistance shall be made to the person, institution, state department or agency or municipality supplying such medical assistance * * * except as otherwise permitted to required by applicable federal or state provisions, including the regulations of the department”. The State regulations mandate that, “[a]ny payment with respect to any item or medical care under medical assistance shall be made to the person or institution supplying the care” (18 NYCRR 360.17).
Respondent State Commissioner argues that because New York Social Services Law and regulations require payment to be made to the person who provides the medical service or care, no reimbursement to petitioner is permitted. The court disagrees with respondents and concludes there is no merit to this contention since it has been rejected by the courts time and time again (Matter of Cole v Blum, 86 AD2d 749; Matter of Lustig v Blum, 80 AD2d 558; Matter of Schwartz v Toia, 68 AD2d 890; Matter of Lawrence v Lavine, 50 AD2d 734; Matter of Cole v Wyman, 40 AD2d 1033). Each of the cited cases involved the issue of a petitioner’s request for reimbursement of payments for medical care and services. The courts uniformly held that an otherwise eligible recipient or his family may not be reimbursed funds paid directly to the vendor of medical care unless the expenses were incurred during an unjustifiable delay in the agency’s approval of the medical application. However, none of these cases nor the ones cited by the parties in this proceeding in their *73 respective briefs are relevant to the central question posed herein because they all involve situations where the recipient made payment after submitting an application for Medicaid. In the present action payment occurred within the three-month period preceding the date of application. Accordingly, we are apparently faced with a case of first impression.
18 NYCRR 360.16 (c) states that, “[A]n initial authorization shall be issued and made effective for inpatient and outpatient care and services provided a person during the three-month period preceding the month of application for medical assistance, if the applicant was eligible in the month in which such care or services were provided; but in no event shall an authorization be issued with respect to care or services provided prior thereto.” The aforesaid regulation was discussed in the case of Matter of Kohl v Blum (92 AD2d 498), a case that was concerned with two article 78 proceedings involving Medicaid reimbursement for payment of personal health care services. Both petitioners had insisted on their entitlement to repayment of funds expended by them for medical services within the three-month period prior to the date of application for Medicaid benefits. The court, however, declined to render judgment on the issue raised because both proceedings involved petitioners seeking reimbursement for payments made to personal home care attendants rather than physicians or dentists. Most importantly, in dicta, the court said (supra), 18 NYCRR “360.16 (c) may reasonably be construed by the agency to require reimbursement to the recipient for medical assistance provided during the three-month period preceding the month of application only where the services were provided by a physician or dentist.” The decision was unanimous.
Retroactive reimbursement to a medical assistance recipient should be determined in light of all circumstances of a particular case and should not provide a windfall (Moran v Lascaris, 61 AD2d 405). It seems to this court, before whom the above-mentioned issue has been squarely placed, that under the facts and circumstances of this case and in the interests of justice, petitioner herein is entitled to reimbursement for any moneys she expended for medical care and services expenses which exceeded her monthly surplus in the three months preceding her date of application for Medicaid benefits. Respondents have failed to rationally explain why a recipient who has been granted Medicaid benefits and has incurred unpaid medical bills during the three months preceding the application month should be granted reimbursement while a similarly situated *74 recipient who has paid his medical bills is denied reimbursement. Thus, the State Commissioner’s decision was arbitrary and capricious.
The petition is granted. The decision of respondent State Commissioner denying reimbursement to petitioner is annulled. Respondent city agency (N.Y.C.D.S.S.) is directed to reimburse petitioner, at the applicable medical assistance rate, for medical bills she incurred and paid for in the three months prior to applying for medical assistance.