■ In the Matter of HELEN SCHULMAN, by ROBERT S. SCHULMAN, Her Son, Petitioner, v CESAR A. PERALES, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which denied petitioner's application for reimbursement of moneys advanced to pay for home care services.

Petitioner, an 88-year-old woman who resided in the City of New York, had been approved for home care services by respondent New York City Department of Social Services (DSS) for four hours per day, seven days per week. Effective October 1, 1982, DSS approved an increase in home care services to 11 hours per day, seven days per week. Petitioner's son then arranged for the services of home attendants for these additional hours. However, DSS continued to pay for only four hours per day, seven days per week. Petitioner's son

brought this fact to the attention of DSS and also advised the agency that he would have to make up the difference out of his own pocket to retain the home attendants. On December 23, 1982, petitioner was admitted to a nursing home and, thus, no longer needed home care services. DSS had failed to pay any of the increased home care service which it had authorized for the period October 1 to December 23, 1982. Petitioner's son had expended $1,862.60 of his own funds to pay for this increased coverage. On January 16 and February 1, 1983, DSS issued checks totaling this amount which were made payable to the primary home attendant, one Gladys Williams. DSS took the position that such payment discharged any responsibility on its part and that it was not obligated to reimburse petitioner. After a fair hearing, respondent State Commissioner of Social Services sustained the position taken by DSS. Petitioner commenced this CPLR article 78 proceeding, which has been transferred to this court for disposition.

This case is a disturbing example of a bureaucratic agency seeking to avoid the consequences of its own errors and, as a result, arbitrarily and capriciously depriving an individual of benefits due. There is no question that DSS approved increased home care for petitioner for the period October 1 to December 23, 1982 and was required to pay for such care. Nor is there any question that DSS failed to pay for the additional coverage. Petitioner's son testified that he paid the difference and the Commissioner found this as a matter of fact. There is also no question that the difference amounted to $1,862.60. It is also clear that DSS was aware, no later than December 7, 1982, that petitioner's son was paying the home attendants directly for the difference. Yet, almost two months later, DSS issued two checks payable directly to Williams for a total amount of $1,862.60. Thus, apparently, Williams has been paid twice. Petitioner's son has not contacted Williams about returning his money and DSS has apparently made only cursory attempts to contact her. The current situation has resulted not from any error made by petitioner or her son, but from errors made by DSS, first, in failing to timely increase payments for the additional home care which it had authorized and, second, in issuing checks payable to Williams well after it was aware that she had already been paid by petitioner's son. Yet, the focus of the hearing, as well as the Commissioner's decision, was not on the true cause of the problem, but on futile efforts to avoid reimbursing petitioner or her son.

First, DSS at the hearing and the Commissioner in this proceeding take the position that, in any event, payment to

petitioner's son was not authorized since he is not specified as a possible payee in the applicable statute and regulations (Social Services Law § 367-a; 18 NYCRR 360.17, 505.14). It has repeatedly been held that, regardless of the statute and regulations, an otherwise eligible recipient or family member may be reimbursed for funds paid directly to a provider where such expenses were incurred during an unjustifiable delay in the agency's approval of an application (see, *Matter of Cole v Blum,* 86 AD2d 749; *Matter of Lustig v Blum,* 80 AD2d 558; *Matter of Kaminsky v Brezenoff,* 77 AD2d 550, *appeal dismissed* 51 NY2d 1009; *Matter of Klein v Blum,* 76 AD2d 768). As the Appellate Division, First Department, stated, "[w]here home attendant services are urgent, we think it clear that a petitioner and concerned relatives are not expected to defer arranging for such services pending Agency action, nor are they required to incur, as a result, the financial burden for such services where eligibility is otherwise established" *(Matter of Kaminsky v Brezenoff, supra,* p 551). This principle being applicable where an agency unjustifiably delays approval of an application, it is even more appropriate where, as here, the agency approves the application and unjustifiably delays payment.

Respondents also apparently claim that, for several hours a week, petitioner's son employed a home aid other than Williams who was not an "authorized aide". However, respondents never raised this issue at the fair hearing and, since the record is devoid of any evidence on this issue, they cannot belatedly raise the argument in this proceeding.

Finally, the Commissioner contends that, having paid Williams the full amount, any obligation on the part of DSS was discharged and it is up to petitioner or her son to collect the overpayment from Williams. This position is ludicrous in the extreme. First, we note that, while the payments to Williams were made by petitioner's son as they were due, it was DSS which made the "second" payment to her. More important, the double payment situation which exists is solely the fault of DSS. Petitioner's son stated that he promptly notified DSS that he was expending his own funds to pay for the additional home care. The DSS files indicate that it was aware of this fact no later than December 7, 1982. Yet, DSS issued checks totaling over $1,860 to Williams on January 16 and February 1, 1983. Even if DSS had entertained a sincere belief that it could not reimburse petitioner's son since he was not a "provider of services", it still made no sense to pay Williams when it was clear that she had already been paid. The right of

petitioner's son to be reimbursed accrued when he paid Williams. DSS did not discharge this obligation by negligently making the second payment to Williams.

The Commissioner's decision must be annulled and DSS must reimburse petitioner's son for the $1,862.60 plus interest, calculated from July 29, 1983 (see, CPLR 5002; Matter of National Farmers Org. v Gerace, 110 AD2d 987).

Determination annulled, with costs, petition granted, and matter remitted to respondent State Commissioner of Social Services for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.