■ In the Matter of DORRION S., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [757 NYS2d 49] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the appellant's brief, is from so much of an order of disposition of the Family Court, Queens County (Lubow, J.), dated December 6, 2001, as, upon a fact-finding determination of the same court, dated October 29, 2001, made after a hearing, that the respondent had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fifth degree, and adjudged him to be a juvenile delinquent, placed him in non-restrictive placement with the New York State Office of Children and Family Services for a period of 18 months.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new disposition consistent herewith.

The Family Court improperly concluded that it was barred

from considering restrictive placement as an option for the respondent because the Presentment Agency failed to provide the Family Court with notice of its intent to seek restrictive placement. Contrary to the Family Court's conclusion, Family Court Act § 351.1 (1) does not require the presentment agency to provide such notice before restrictive placement may be considered, nor does any other statute so provide. Moreover, pursuant to Family Court Act § 353.5 (1), the Family Court was required to consider restrictive placement in the instant case where the respondent was found to have committed a designated felony. Further, the Family Court should have made specific written findings of fact as to each of the considerations set forth in Family Court Act § 353.5 (2) (*see* Family Ct Act § 353.5 [1]; *Matter of Kolongi R.,* 239 AD2d 349 [1997]; *Matter of Anthony S.,* 67 AD2d 685 [1979]).

Accordingly, the matter is remitted to the Family Court, Queens County, for consideration of restrictive placement of the respondent under the factors enumerated in Family Court Act § 353.5 (2). Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.