STATE DIVISION OF HUMAN RIGHTS, Petitioner, v MASSIVE ECONOMIC NEIGHBORHOOD DEVELOPMENT, INC., et al., Respondents

First Department, March 31, 1975

*Harry Starr* of counsel *(Henry Spitz, General Counsel)*, for State Division of Human Rights.

*David A. Pravda* for petitioner.

*Marc Hermelin* for Massive Economic Neighborhood Development, Inc., respondent.

*Per Curiam.* The State Division of Human Rights (hereinafter Division) has moved for an order (Executive Law, § 298) enforcing the order of the Commissioner of Human Rights dated January 10, 1974. The complainant, Arnold E. Falleder, a Caucasian, on or about July 24, 1968, filed a complaint with the Division charging that respondents had dismissed him from his employment because of his race in violation of the Human Rights Law (Executive Law, art. 15). Complainant had been employed by respondent Massive Economic Neighborhood Development, Inc. (hereinafter MEND) as Chief Community Development Coordinator on October 19, 1967 at a salary of $12,500 per annum which employment was terminated on June 25, 1968. Without delineating the involved procedural history of the complaint, it is noted that finally, on January 10, 1974, the Commissioner of the State Division of Human Rights issued his findings of fact and order after hearing wherein he found that the complainant had been discriminated against because of his race and ordered certain affirmative actions. Besides future compliance with nondiscriminatory standards of employment, the commissioner ordered that: "1. Respondents shall within 30 days from the date this Order becomes effective, pay to the Complainant back wages for the period June 25, 1968 through July 31, 1968, computed on the basis of $12,500 per year, five days per week, less the standard payroll deductions. Written proof of payment shall be forwarded the Division at 270 Broadway, New York, New York 10007, attention Legal Bureau, within ten days after such payment is made". Upon appeal by complainant, the State Human Rights Appeal Board approved the commissioner's order by order dated November 21, 1974 and no judicial review was subsequently initiated. Noncompliance by respondents with the commissioner's order despite demand for compliance gave rise to the instant proceeding.

Complainant asserts that he is entitled pursuant to CPLR 5001(subd. [a]) to interest on the amount of compensation directed by the commissioner in the January 10, 1974 order from July 31, 1968, the date on which such compensation

accrued, because his recovery is based on a contract theory of damages and on that date he mitigated damages by securing new employment. Alternatively, complainant argues that he is entitled pursuant to CPLR 5002 to interest from January 10, 1974, the date of the commissioner's order. Respondent MEND in opposition asserts that it is not authorized to pay interest. Thus, the critical issue raised by this enforcement application is when interest, if any, begins to accrue with respect to the amount of compensation directed by the commissioner. Patently, the complainant was discriminated against. However, on this record, the respondents are not responsible for the lengthy delays in the administrative process which, in essence, have been occasioned by the dilatory ways of the Division. Accordingly, reason dictates and the circumstances warrant the accrual of interest from the date of the commissioner's order, January 10, 1974 at 6% per annum pursuant to CPLR 5002 and 5004. Complainant is entitled to payment of back pay in the sum of $1,511.64 with interest as above directed on the net amount of $1,147.84 after payroll deduction and is also entitled to have respondents disburse the standard payroll deductions which include social security taxes, all in accordance with the commissioner's order. Compliance with the affirmative nondiscrimination actions ordered by the commissioner is also mandated. The petition is granted, as aforesaid, without costs and without disbursements. Settle order which shall contain the requisite computation of interest.

STEVENS, P. J., KUPFERMAN, LUPIANO, CAPOZZOLI and LANE, JJ., concur.

Petition to enforce the order of the Commissioner of Human Rights, dated January 10, 1974, unanimously granted, without costs and without disbursements.

Settle order on notice, which shall contain the requisite computation of interest.