■ ATTILIO RICCA, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. — In a proceeding to enforce an amended judgment of the Supreme Court, Richmond County, dated June 30, 1977, which, in a proceeding pursuant to CPLR article 78, granted a petition, *inter alia,* to compel the Board of Education of the City School District of the City of New York to reinstate petitioner to his former position (as a teacher of woodworking) with back pay, the petitioner appeals from stated portions of an order and judgment (one paper) of the Supreme Court, Richmond County (Rubin, J.), dated November 9, 1981, which, *inter alia,* refused to direct his retransfer to his former position *at McKee* High School and refused to award any interest in his back pay award. Order and judgment modified, on the law and the facts, by deleting the third, fourth, seventh and eighth decretal paragraphs thereof and substituting therefor provisions awarding petitioner back pay of $85,179.10 plus interest at 3% from September 29, 1976, plus appeal costs and disbursements as heretofore awarded to petitioner by the Court of Appeals, in the amount of $687.44. As so modified, order and judgment affirmed insofar as appealed from, with costs to the petitioner and matter remitted to Special Term for further proceedings consistent herewith. In view of the "judicial oversight" provision in the amended judgment being enforced, petitioner was entitled to a due process hearing on whether the Court of Appeals order reinstating a judgment of the Supreme Court, Richmond County, dated June 30, 1977 (*Ricca v Board of Educ,* 47 NY2d 385) was being complied with when, at the time the board of education purportedly "complied" with that decision by issuing a reinstatement order to McKee Vocational High School, it virtually simultaneously excessed petitioner out of that school and sent him to a school very far from McKee. The court must determine whether or not the excess transfer order in issue was bona fide and was in fact based upon an excess situation, and not an attempt to avoid compliance with the Court of Appeals order. (Pending that determination, petitioner shall not be entitled to reinstatement at McKee High School.) The decision vindicating petitioner's claim that he was wrongfully terminated as a teacher of woodworking was made September 29, 1976 and interest should have been awarded from that date (see CPLR 5002). Therefore, in addition to the sum awarded in the order and judgment under review petitioner will be entitled to the aforesaid interest to be computed by Special Term. We find no merit to petitioner's contention that he is entitled to a cash substitute for the sick pay award. Damiani, J. P., Thompson, O'Connor and Bracken, JJ., concur.