■ In the Matter of NATIONAL FARMERS ORGANIZATION, INC., Appellant, v JOSEPH GERACE, as Commissioner of the New York State Department of Agriculture and Markets, et al., Respondents. — Mahoney, P. J.

On November 27, 1978, petitioner filed a claim against the Milk Producers Security Fund in the amount of $94,827.57. After a hearing, respondent Commissioner of Agriculture and Markets awarded petitioner $60,031.99. After the commencement of a CPLR article 78 proceeding by petitioner, Special Term annulled the Commissioner's determination and directed that the claim be paid in full with interest from May 20, 1981,

the date of the Commissioner's determination. Upon the Commissioner's appeal, this court affirmed the judgment (*Matter of National Farmers Org. v Barber*, 91 AD2d 761). After a grant of leave to appeal, the Court of Appeals reversed and reinstated the Commissioner's determination without addressing the issue of interest (*Matter of National Farmers Org. v Barber*, 59 NY2d 866, 868).

On September 14, 1983, respondents paid petitioner $60,031.99 but refused to pay interest on the award, stating that neither the statute creating the Milk Producers Security Fund nor the award reinstated by the Court of Appeals provided for interest. Petitioner commenced the instant CPLR article 78 proceeding to compel respondents to pay interest from May 20, 1981. On respondents' motion to dismiss, Special Term held that no interest was due and dismissed the petition. This appeal by petitioner ensued. We reverse.

In a proceeding pursuant to CPLR article 78, Special Term can award interest from the date of the agency determination which is the subject of the proceeding (*see, Ricca v Board of Educ.*, 91 AD2d 993, *lv dismissed* 61 NY2d 758; *State Div. of Human Rights v Massive Economic Neighborhood Dev.*, 47 AD2d 187, 189). Once an obligation to pay exists, interest accrues (*see,* CPLR 5002; Siegel, NY Prac § 411, at 544 [1978]).

That the Court of Appeals did not refer to interest in its opinion is not essential. The omission of any reference to interest was analogous to a clerical error, which Special Term has the power to correct (11 Carmody-Wait 2d, NY Prac § 71:185, at 192 [1966]).

Judgment reversed, on the law, with costs, and matter remitted to Special Term for the appropriate computation of interest. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.