JUDAH WOLF, Respondent, v AMERICAN TECHNICAL CERAMICS CORP., Appellant. [924 NYS2d 143]—

In an action, inter alia, to recover damages for breach of an employment contract, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), dated

September 21, 2010, which denied its motion pursuant to CPLR 4404 (b) to set aside so much of a decision of the same court dated March 15, 2010, made after a nonjury trial, as determined that the plaintiff was entitled to recover damages on the second cause of action equal to the plaintiff's base pay salary as set forth in the employment agreement between the parties, together with interest from the date of the complaint, and (2) a judgment of the same court entered October 8, 2010, which, upon the March 15, 2010, decision made after the trial, is in favor of the plaintiff and against it in the principal sum of $366,000, with prejudgment interest from July 29, 2008.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the amount of prejudgment interest to be awarded in accordance herewith, and thereafter for the entry of an appropriate amended judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action against his former employer, the defendant, claiming that the defendant breached the parties' employment contract by failing to pay him his salary for a period of two years following the termination of the agreement pursuant to a noncompetitive restrictive covenant provision the defendant sought to enforce against him. According to the defendant, it was absolved from its obligation to continue paying the plaintiff his salary in order to enforce the restrictive covenant provision because, inter alia, the plaintiff voluntarily resigned without giving the required 90-day notice of his election to terminate the employment contract. After a nonjury trial, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $366,000, with prejudgment interest from July 29, 2008.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had

the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.,* 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.,* 81 AD3d 763, 764 [2011]). We agree with the Supreme Court's determination that the plaintiff gave the required 90-day notice of his election to terminate the employment contract on October 16, 2007, and that the plaintiff was entitled to compensation during the period of time that the defendant enforced the restrictive covenant (*see Goldman v White Plains Ctr. for Nursing Care, LLC,* 11 NY3d 173, 178 [2008]; *Yonkers Contr. Co., Inc. v Romano Enters. of N.Y., Inc.,* 40 AD3d 629 [2007]).

The defendant correctly contends, however, that the Supreme Court improperly computed prejudgment interest from July 29, 2008, the date of the complaint. "The award of interest is founded on the theory that there has been a deprivation of use of money or its equivalent and that the sole function of interest is to make whole the party aggrieved. It is not to provide a windfall for either party" (*Kaiser v Fishman,* 187 AD2d 623, 627 [1992]). "Where . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001 [b]). Here, the plaintiff's damages accrued on various dates, as he would have received his salary in installments via his paychecks over the two year duration of the noncompete period. Under the circumstances, a reasonable intermediate date would be the date halfway between the date of the first and last paycheck the plaintiff would have received had the agreement not been breached (*see Matter of Argyle Realty Assoc. v New York State Div. of Human Rights,* 65 AD3d 273, 286 [2009]; *Jattan v Queens Coll. of City Univ. of N.Y.,* 64 AD3d 540, 542 [2009]; *Baer v Anesthesia Assoc. of Mount Kisco, LLP,* 57 AD3d 817, 819 [2008]). Further, the statutory interest rate should have been applied to the net amount the plaintiff would have received after standard payroll deductions (*see State Div. of Human Rights v Massive Economic Neighborhood Dev.,* 47 AD2d 187, 189 [1975]). Accordingly, the judgment must be modified so as to delete the provision thereof awarding prejudgment interest, and the matter must be remitted for a new determination of the amount of prejudgment interest to be awarded in accordance herewith.

The defendant's remaining contentions are without merit. Covello, J.P., Chambers, Lott and Miller, JJ., concur.